FRANK WORK and Others, Appellants, *v.* MILES BEACH, Respondent.

*Statement of account, coupled with a condition to "pay the amount due when he could do so"—any implied obligation to pay immediately is excluded by the express agreement.*

One Beach had two accounts with certain stock-brokers, one an individual account and the other a joint account, in which one Marston was interested with him. Beach not having a sufficient margin deposited to make good the joint account, an action was brought by the brokers, against Beach and Marston, to recover a balance due thereon, to which a defense was interposed by the defendants, but before the trial thereof Beach requested the stock-brokers to discontinue such action, to sell all of his margin held by them for both accounts, and, in consideration of such discontinuance, agreed that the proceeds arising from all the margins on both accounts should be credited in one account; that all advances on both accounts should be charged in the same account, the two accounts be consolidated, and that the balance after adjustment, if correct, he would assume as a liability against himself, "and pay the amount due when he could do so."

This proposition was accepted, the action was discontinued, the securities sold and the accounts consolidated, resulting in a balance of some $14,000 against Beach.

In an action, brought by the stock-brokers against Beach, to recover this balance a demurrer was interposed that the complaint, which set forth the foregoing facts, did not state facts constituting a cause of action.

*Held,* that the demurrer should be sustained.

That where an account is stated, and as a part of the transaction an express promise is given to pay, upon a condition, any implied promise which would otherwise arise from such statement of account is excluded by reason of the express contract.

That the fact, in this case, that the balance was admitted to be correct by the defendant did not deprive him of the benefit of the condition with which that admission was coupled, that he would " pay the amount due when he could do so," and that it rested upon the plaintiffs to show that he was in a condition to pay this balance.

APPEAL by the plaintiffs from an order made at the New York Special Term, and entered in the office of the clerk of the county of New York on the 24th day of January, 1889, sustaining a demurrer interposed by the defendant to the plaintiffs' complaint.

The substance of the complaint was, that prior to February 25, 1885, defendant had two accounts with the plaintiffs, who were stockbrokers, one an individual account and the other a joint account in which one Marston was interested with him. That in June, 1884, the brokers, not having sufficient margin upon the joint account, began an action upon it against the defendant and Marston to recover a balance due thereon, and the defendant and Marston appeared and contested their liability. That in December, 1884, and before any trial, the defendant requested the plaintiffs to discontinue said action and sell all of his margins held by them for both accounts, and, in consideration of such discontinuance, agreed that the proceeds of all the margins on both accounts should be credited in one account ; that all advances on both accounts should be charged in the same account ; that the two accounts should be consolidated into said one account ; that he would individually assume liability for the balance due on the accounts after such consolidation, and as soon as the accounts were adjusted, consolidated and reduced to one account he would examine it, and, if correct, would adopt it as a liability against himself " and pay the amount due when he could do so."   " That thereupon plaintiffs accepted and assented to said proposition, and in conformity thereto " discontinued the action, sold the securities, consolidated the accounts, making the debits and credits as agreed, and on or about February 25, 1885, rendered to the defendant the consolidated account, showing a balance of $14,570.68 against him ; and that the defendant examined the account, retained it for more

than ten days and declared to the plaintiffs that it was correct. The complaint then averred that there upon the said account became an account stated, and the further fact that the balance had not been paid. The ground of demurrer was that the complaint did not state facts sufficient to constitute a cause of action.

*Henry S. Bennett,* for the appellants.

*A. C. Brown,* for the respondent.

VAN BRUNT, P. J.:

It may not be at all necessary to add anything to the opinion of the court below, which satisfactorily and, we think, conclusively disposes of the questions raised upon this appeal. It may, however, be necessary to consider one or two points made by the counsel for the plaintiff, in which it is claimed that the court below misapprehended the theory of the complaint, in that the complaint excludes the idea that there was a new agreement which changed the original cause of action or discharged the original debt. We think that, upon an examination of this complaint, it clearly appears that the original debt was discharged and a new obligation created by the transactions therein recited. It appears from the complaint that the defendant had employed the plaintiff to buy and sell for himself, individually, and also for the joint account of himself and another, various stocks, bonds and other securities dealt in on the Stock Exchange; that the plaintiffs advanced money for making these purchases, and the defendant agreed to leave with them said securities, so purchased, or other valuable securities sufficient to keep them at all times fully indemnified and secured; that for some time previous to June, 1884, the joint account was in arrears and the plaintiffs demanded further security and indemnification from the defendant and his copartner, and brought an action against them to recover the amount advanced which had become due on the joint account; that the defendants duly appeared and interposed a defense contesting their liability on said account. While such action was pending a settlement of that litigation was made, the plaintiffs agreeing to discontinue the action, and the defendant permitting them to sell the

securities held by them, both for his individual and joint accounts, and agreeing that the proceeds should be credited in one account, and that the advances on both accounts should be also charged in one account; and that such account should be a consolidation of both accounts ; and that he would, individually, assume liability for the balance due on such account after such consolidation, and pay the amount due when he could do so. If this arrangement was not a discharge of the original debt, it is difficult to see how there could be an accord and satisfaction without actual payment. Claims were being made against the defendant and another which were contested. The plaintiffs held securities which belonged to this defendant, individually, and which had been deposited as security for his individual account and the joint account. The contest as to the liability on the joint account is settled by this arrangement, and the defendant permits the securities to be sold. The wording of the complaint, that he requested them to be sold, has no particular significance. The defendant permits the plaintiffs to sell the securities, and, in consideration of discontinuance of the action, assumes the whole liability and promises to pay the same when he is able.

It is true that this transaction made this an account stated when the accounts were approved by the defendant as they were, and that in the absence of any promise to pay the law would imply a promise. But where an account is stated and, as part of the transaction, an express promise is given to pay upon a condition, that excludes the implied promise, because an express contract to do a thing excludes the idea of there being an implied contract. For example, when a man purchases goods and nothing is said about prices or time of payment, the law implies a contract to pay the value of the goods upon delivery. If, however, the purchaser makes an express promise to pay in thirty days after delivery, what under such circumstances becomes of the implied promise? It is clear that it does not arise. So in the case at bar, if there had been a settlement of these accounts, and simply an account stated had between these parties, an implied promise to pay would naturally have arisen. But in connection with the settlement is an express promise upon the part of the defendant to pay when he is able. That is the condition upon which he consents to the accounts and to the sale of the securities, and upon which he withdraws his defense to the joint account. Now,

after the plaintiffs have accepted the withdrawal of the defense and the sale of the securities, and have accepted the assumption of liability by the defendant, it seems to be difficult to see how they can escape the condition upon which that liability was incurred. In other words, they propose to have the benefit arising from the settlement relieved from the burden which was specifically attached to it. The mere fact that the account was duly admitted to be correct by the defendant himself, does not deprive him of the conditions with which that admission was coupled.

It is urged, however, that, assuming the appellants to have agreed to forbear, where is to be found the consideration sufficient to support so important an agreement? The consideration seems to be apparent, and the whole question is begged when it is claimed that he had no defense to the account, for he investigated it and admitted its justice; since the admission of the account was induced by the acceptance of his promise that he should not be called upon to pay it until he was able, another instance in which the plaintiffs seem to claim every part of the bargain and settlement which tend in their favor, without taking into consideration anything given to the defendant because of the withdrawal of his contest. If the defendant had stated, " We will settle our differences; we will agree upon a certain sum, which I am to pay in six months," could the plaintiffs, their claim being admitted, require the defendant to pay immediately? The falsity of this position seems to be established the moment it is stated. Great stress is laid upon the hardship of such a contract to the plaintiffs. It seems to us that it would be a gross hardship after the defendant admitted this account, upon the express undertaking that he was to pay when he was able, and, presumably, not before, that he should be called upon to pay, without proof of this condition. We know nothing of the hardship of the agreement. The defense, which was withdrawn, to the joint account may have been perfectly good, or it may have been a defense in which the chances of success were reasonable, and the defendant, for the purpose of getting the time in which to pay the alleged claim, may have been willing to waive his chances of success. He having done so, there is certainly no hardship in calling upon the plaintiffs to adhere to the bargain which they made with the

defendant, and which was the basis of the withdrawal of the defense to the action upon the joint account.

The judgment must be affirmed, with costs.

Bartlett, J., concurred.

Judgment affirmed, with costs.