### BEACH v. KIDDER et al.

*(Supreme Court, General Term, Fifth Department.* December 30, 1889.)

**1. ACCOUNT STATED—WHAT CONSTITUTES.**

When monthly statements are furnished by a broker to his principal, who receives them, and after examination approves them, and so informs the broker, and the statements are sufficiently full to inform the principal of the state of the transactions with the broker, they constitute an account stated.

**2. SAME—FRAUD AND MISTAKE.**

Though fraud and mistake appear in an account stated, relied on by defendant, yet, if no such issue is made by the pleadings, a nonsuit should be granted.

Appeal from circuit court, Monroe county.

Action by Samuel G. Beach against Amos N. Kidder and others for damages alleged to result from defendants' misconduct as stock-brokers, and for money of plaintiff's in defendants' hands, for which they refused to account. Plaintiff was nonsuited, and appeals.

Argued before BARKER, P. J., and DWIGHT, J.

*J. & Q. Van Voorhis,* for appellant.    *Wm. Nathaniel Coggswell,* for respondents.

PER CURIAM.    We think the evidence establishes:

1. That the defendants rendered and delivered to the plaintiff monthly statements of their dealings with him, stating the nature and character of each transaction, and bringing the account to a balance down to the day when the same was rendered, so that the plaintiff, on reading the same, could fully understand the condition of the account as claimed by the defendants.

2. That by the retention of the monthly statements, and his letters to the defendants acknowledging the receipt of the same, in which he admitted that he had examined and found them correct, gives each account as rendered the force and effect of a stated account.

3. That, reading all the monthly accounts together, it cannot be doubted but what they embrace the two transactions of which he complains, to-wit, buying and selling 100 shares of the capital stock of the Chicago, Burlington & Quincy Railroad, and 1 share of the capital stock of the Chicago & Northwestern Railroad Company.

4. The monthly statement rendered on the 31st day of January, 1884, shows a balance of $874.25 against the plaintiff, and nothing on hand to offset against it, and was subsequent in point of time to the transactions complained of; and the receipt of this account was acknowledged by letter, in which the plaintiff stated that he had examined the same, and that it was correct in every particular.

5. The accounts as stated are binding upon the plaintiff, unless he can show some fraud or mistake which would destroy the presumption of their accuracy, and the form of this action presents no issue of that character; and for that reason the nonsuit was properly granted, although the evidence may tend to show that the plaintiff was deceived and misled, and approved of the account by mistake on his part. *Lockwood* v. *Thorne,* 18 N. Y. 285; *Murphy* v. *Ross,* 7 N. Y. St. Rep. 182; *Knickerbocker* v. *Gould,* 22 N. E. Rep. 573.

6. In view of the facts which have been established, and the law of the case based thereon, it may be conceded that the plaintiff's contention is true, that all his dealings were with the defendants as principals in the several transactions of which he complains.

7. Judgment should be affirmed, with costs.