SAMUEL G. BEACH, Appellant, *v.* AMOS M. KIDDER *et al.,* Respondents.

*Supreme Court, Fifth Department, General Term, December* 30, 1889.

*Account stated.*—A customer, who has retained monthly statements of dealings rendered to him by his brokers, and acknowledged their receipt, examination and correctness, is bound by them, unless he can show some fraud or mistake which will destroy the presumption of their accuracy.

Appeal from a judgment dismissing the plaintiff's complaint with costs on an order made at the Monroe circuit nonsuiting the plaintiff.   This action was brought by the plaintiff, who alleges that the defendants as stock brokers bought and sold stocks for him on his orders and that they did not obey instructions, in consequence of which he suffered damage ; and that they had money in their hands for which they had not accounted and which the plaintiff seeks to recover.

*J. &. Q. Van Voorhis,* for appellant.

*Wm. Nathaniel Coggswell,* for respondents.

PER CURIAM.—We think the evidence establishes :

*First.* That the defendants rendered and delivered to the plaintiff monthly statements of their dealings with him, stating the nature and character of each transaction and bringing the account to a balance down to the day when the same was rendered, so that the plaintiff, on reading the same, could fully understand the condition of the account as claimed by the defendants.

*Second.* That the retention of the monthly statements and his letters to the defendants acknowledging the receipt of the same, in which he admitted that he had examined and found them correct, gives each account as rendered the force and effect of a stated account.

*Third.* That reading all the monthly accounts together it cannot be doubted but what they embrace the two transactions of which he complains, to wit, buying and selling one hundred shares of the capital stock of the Chicago, Burlington & Quincy Railroad and one share of the capital stock of the Chicago & Northwestern Railroad Company.

*Fourth.* The monthly statement rendered on the 31st day of January, 1884, shows a balance of $874.25 against the plaintiff and nothing on hand to offset against it, and was subsequent in point of time to the transactions complained of, and the receipt of this account was acknowledged by letter, in which the plaintiff stated that he had examined the same, and that it was correct in every particular.

*Fifth.* The accounts, as stated, are binding upon the plaintiff unless he can show some fraud or mistake which would destroy the presumption of their accuracy, and the form of this action presents no issue of that character, and for that reason the nonsuit was properly granted, although the evidence may tend to show that the plaintiff was deceived and misled and approved of the account by mistake on his part. Lockwood *v.* Thorne, 18 N. Y. 285; Murphy *v.* Ross, 7 N. Y. State Rep. 182; Knickerbocker *v.* Gould, 26 Id. 651.

Note on "Account Stated."

*Sixth.* In view of the facts which have been established, and the law of the case based thereon, it may be conceded that the plaintiff's contention is true, that all his dealings were with the defendants as principals in the several transactions of which he complains.

*Seventh.* Judgment should be affirmed, with costs.

DWIGHT, J., concurs; MACOMBER, J., not sitting.

### NOTE ON "ACCOUNT STATED."

As to when an account becomes an account stated, see Beach *v.* Kidder, 55 Hun, 603, and reported, *supra.*

An account, received and retained without objection and undisputed, becomes an account stated. Knickerbocker *v.* Gould, 115 N. Y. 533.

A statement of dealings, rendered with the request to examine and advise, and retained without objection, becomes an account stated. Jugla *v.* Trouttet, 120 N. Y. 21.

It may be defeated by non-performance of condition precedent. Id.

As to the essentials to constitute an account stated, see Stevens *v.* Ayers, 57 Hun, 51.

The facts, in this case, were held not to be sufficient to constitute an account stated. Id. See also, Pickard *v.* Simpson, 53 Hun, 631.

An account stated becomes stated as to all matters properly included in it, and is stated, not only as to the balance, but 'as to the items. Kingsley *v.* Melcher, 56 Hun, 547.

An agreement to credit goods returned, if the purchaser will pay the balance, amounts to an account stated between the parties. Aylsworth *v.* Gallagher, 51 Hun, 636.

Where a party, who had rendered services for, acceded on dispute, to the audit of the superintendent of the insurance department, the settlement will not be opened unless for good reason. Matter of Superintendent of Ins. Dep't, 51 Hun, 640.

The general rule relating to an account stated is not applicable to cases of personal services, the value of which is to be determined by the principal of *quantum meruit.* Burlingame *v.* Shelmire, 59 Hun, 615.

The statement of an account with a check for the balance in full payment, which is used without objection, estops the payee from afterward claiming otherwise. Schuyler *v.* Ross, 59 Hun, 628.

The items of an account stated, challenged by the party to whom rendered, are not conclusive on the party rendering it. Wood M. & R. Co. *v.* Thayer, 50 Hun, 516.

An account stated cannot be impeached upon any other ground than that of fraud, and is conclusive evidence as to the amount stated. Kingsley *v.* Melcher, 56 Hun, 547.

If fraud is shown, an account stated loses its conclusive character and is subject to re-examination and contest. Frankel *v.* Wathen, 58 Hun, 543.

An account stated determines the amount, but does not create the liability. Austin *v.* Wilson, 33 N. Y. St. Rep. 503.

The facts, in this case, were held not to estop the defendant from impeaching an account stated. Id.

The effect of an account stated may be avoided by showing a mistake in particular item. Ract *v.* Duviard-Dime, 51 Hun, 639.

An account stated does not establish the existence of a partnership, where it charges several parties with the debt. Kemp *v.* Peck, 59 Hun, 118.

A direction of a verdict upon the ground that an account had been stated was held, in Brockman *v.* Meyers, 59 Hun, 623; 128 N. Y. 682, to be properly refused where the only evidence upon the point was defendant's, which was inconsistent with the other evidence.

It is essential to constitute an account stated that the party to be charged should either expressly or by implication admit the correctness of the account as a claim against himself. Stephens *v.* Ayers, 57 Hun, 51. A claim against an administrator was rejected, where the evidence was that the deceased expressed surprise at the amount of the bill, declared that it belonged to another to pay, suggested a possible defense of counterclaim, and finally promised to pay it to avoid trouble. Id.

Where the defendant retained accounts received from plaintiff without objection or replying, and subsequently acknowledged orally to plaintiff the receipt of the letters containing them, stating that he had no money but would pay as soon as he could, it was held sufficient to sustain an action on account stated. Vernon *v.* Simmons, 15 Daly, 399.

Where an account is stated in the absence of any promise to pay the amount found due, the law implies a promise. Work *v.* Beach, 53 Hun, 7. Where, as a part of the transaction, an express promise is given to pay upon a condition, that excludes the implied promise. Id.

Where, in the absence of actual fraud, an erroneous account has been rendered, a balance struck, the parties have settled their differences and neither, within a reasonable time, objects, both are bound by it. Smith *v.* Ogilvie, 5 N. Y. Supp. 382.

Where the evidence is conflicting that an account had ever been stated or balance found due from defendant or that payment had been demanded, the question as to whether an account had been stated is properly submitted to the jury as a question of fact. Robbins *v.* Downey, 41 N. Y. St. Rep. 95. Under such circumstances, it is not a question of law. Id.

In Holler *v.* Apa, 43 N. Y. St. Rep. 529, the plaintiff made out a time-bill for his work at defendant's request. The latter retained this for some time, marking on it the german word "balance" or "rest." He paid money on account of this balance, and admitted that interest was to be

allowed on the loan. In fact he at no time disputed whether the time or any other item in the bill rendered, but admitted that the time charged was correct. It was held that the finding that there was an account stated was proper.

The presentation of an account to a debtor, his examination of the account, assent to its correctness and promise to pay it, render it an account stated. Lawson *v.* Douglass, 62 Hun, 622. Its effect as such is not waived by a subsequent proposal to extend the time of payment, not accepted or acted upon by the debtor, nor by a sale of the collaterals. Id.

A bare statement of a balance due, unaccompanied by any account, is capable, if accepted, of constituting an account stated. Robbins *v.* Downey, 45 N. Y. St. Rep. 279. The rule is that, if a fixed and certain sum is admitted to be due to the creditor, for which an action will lie, it is evidence to support a count upon an account stated. Id.

The charges may be all on one side, and an account stated may consist of a single item. Id. Such an account must be made with knowledge, or opportunity of knowledge, on the part of the debtor, of all the circumstances. Id. To prove an account stated, it is not always necessary to show actual examination and assent. Id. A promissory note is evidence of an account stated in an action by the payee against the maker. Id.

In the case last cited, the plaintiff sold goods to defendant and accompanied the deliveries thereof with itemized statements. He also furnished monthly statements. He finally rendered a statement of a balance due, which the defendant retained. The defendant did not challenge the correctness of the itemized bills or of the monthly statements, but promised to pay the amount as stated therein. And it was held that these circumstances furnished ample proof of an account stated.