ROBBINS *et al. v.* DOWNEY.

(*Common Pleas of New York City and County, General Term.* March 7, 1892.)

1. APPEAL—SUFFICIENCY OF "CASE"—VERDICT WITHOUT EVIDENCE.
    A verdict unsupported by any evidence involves error of law, and such error may be reviewed in the absence of a certificate that all the evidence appears in the "case."

2. ACCOUNT STATED—WANT OF ITEMS.
    Plaintiff rendered monthly statements to defendant, which were received without objection, and finally presented defendant with a statement of balance due, which defendant also received without objection, and repeatedly promised to pay. *Held*, that an "account stated" was shown by the evidence, though the last statement did not contain the items of the balance.

3. SAME—UNCONDITIONAL PROMISE TO PAY.
    It is not necessary that there be an unconditional promise to pay to sustain an action on an account stated.

16 N. Y. Supp. 205, affirmed.

Appeal from city court, general term.

Action by Frank W. and Arthur J. Robbins against Charles Downey on an account stated. From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

*Malcolm Campbell*, for appellant. *Phillips & Avery*, for respondents.

PRYOR, J. The defense being simply a general denial, the only issue for trial was whether an account had been stated between the parties, (*Field* v. *Knapp*, 108 N. Y. 87, 14 N. E. Rep. 829; *Barker* v. *Hoff*, 52 How. Pr. 382; *Fuller* v. *Board*, 2 Kan. 445,) and, in fact, no other question was litigated or submitted to the jury. If there was sufficient proof by plaintiffs of an account stated, the verdict in their favor concludes the case in this court, no matter how strong the evidence to the contrary. But defendant's contention is that it results, as a necessary inference of law from undisputed evidence, that no account had been stated between the parties. The respondents answer that, since the case does not purport to contain all the evidence, the appellant is precluded to raise the point that the verdict is absolutely without support; but a verdict without evidence involves error of law, and such error we may review in the absence of a certificate that all the evidence is before us. *Halpin* v. *Insurance Co.*, 118 N. Y. 165, 23 N. E. Rep. 482. The proposition upon which appellant relies is that a bare statement of a

balance due, unaccompanied by any account, is incapable, though accepted, of constituting an account stated. But in a book of the highest authority we read that "the rule is that, if a fixed and certain sum is admitted to be due to the plaintiff, for which an action would lie, that will be evidence to support a count upon an account stated." 1 Saund. Pl. & Ev. 48, marginal. It suffices to prove some antecedent debt or demand between the parties, respecting which an account was stated, and a balance struck. *Knowles* v. *Michel,* 13 East, 249. The charges may be all on one side, and an account stated may consist of a single item. 2 Chit. Cont. (11th Ed.) 962. "An account stated must be made with knowledge, or opportunity of knowledge, on the part of the debtor, of all the circumstances." *Kinney* v. *Heatley,* (Or.) 7 Pac. Rep. 359. "To prove an account stated, it is not always necessary to show actual examination and assent." *Benites* v. *Bicknell,* (Utah,) 3 Pac. Rep. 206. A promissory note is evidence of an account stated in an action by the payee against the maker. *Story* v. *Atkins,* 2 Strange, 719. So is an I. O. U. *Highmore* v. *Primrose,* 5 Maule & S. 65.

In the case before us, the evidence establishes that in 1889 and 1890 the plaintiffs sold goods to the defendant; that when the goods were delivered, they rendered statements, with items, to the defendant, and also furnished him statements of account at the end of each month; that subsequently to the last delivery of goods, and to the last payment on account, the plaintiffs presented the defendant with a statement of balance due, to the amount of $297.10, to which balance defendant made no objection, but, on the contrary, repeatedly promised to pay it. Nor did defendant challenge the correctness of the itemized bills or of the monthly statements. We are of opinion that the proof is ample of an account stated, (*Paper Co.* v. *Moore,* 104 N. Y. 680, 10 N. E. Rep. 861; *Wiley* v. *Brigham,* 16 Hun, 106,) and hence, the evidence conflicting, that the court did not err in declining to withdraw the issue from the jury. The objection to evidence of defendant's declaration on the ground that he had not been examined respecting them is plainly untenable, for no foundation is necessary to the competency of a party's own admissions. Equally untenable is defendant's contention that, "to sustain an action on an account stated, there must be an unconditional promise to pay;" the familiar rule being that no express promise is necessary, but from the adjustment of the account the law implies a promise to pay.

Appellant urges that the promise proved against him was to pay when he got money from the elevated railway. Assuming the fact, still it was ineffectual to defeat the action. A consideration, past and executed, will support no other promise than such as would be implied by law, (*Roscorla* v. *Thomas,* 3 Q. B. 234,) and hence, "where an account has been stated between parties, and a balance ascertained to be due from one of them to the other, the law implies a promise by the debtor to pay on request; so that any *ex post facto* promise by him differing in its nature therefrom, *e. g.,* to pay on a particular day named, would be *nudum pactum,* unless made upon a new consideration," (*Hopkins* v. *Logan,* 5 Mees. & W. 241, 249; Broom, Comm. 326.) But if defendant's promise to pay when he got the money were valid, he himself testifies that he had received the money. Appellant predicates error of the proposition in the charge that "any account presented by a creditor to a debtor, and accepted by him, no matter whether it is an itemized statement, or for a balance due, is an account stated." To apprehend the import of this language, we must construe it with the context; and, so reading it, we observe that the learned trial justice charged explicitly that, in order to find a verdict for plaintiffs, the jury must be satisfied that "plaintiffs rendered to defendant an account for several articles of merchandise, and that he assented to the correctness of that account, and promised to pay the same." The total effect of the charge was to propound the law correctly. Judgment affirmed, with costs. All concur.