(28 Civ. Proc. R. 245.)

### FAIR v. MEVEY.

(Supreme Court, Special Term, New York County. December 7, 1898.)

1. LIMITATION OF ACTIONS—ACCOUNT STATED—NEW PROMISE.
    After making a series of demand loans, the parties had a settlement. making a deduction from the total amount loaned for losses through expenditures by the debtor on the creditor's advice, and the debtor executed a written promise to pay the balance found due, in such installments as he could spare from time to time. *Held*, that limitations began to run from the time of the execution of the written promise to pay, which constituted a new promise.

2. SAME—CONDITIONAL PROMISE—CONSIDERATION.
    The consideration for the new promise being past and executed, a promise to pay on request was implied, and hence the limitation that the payment should only be in amounts which the debtor could spare from time to time was without consideration and void.

Action by J. M. Fair against E. C. Mevey. Heard on motion to dismiss the complaint because it showed on its face that limitations had run against plaintiff's cause of action, and that the promise was on condition to pay when able, and the complaint failed to show defendant's ability to pay. Denied.

Plaintiff made various demand loans to a co-partnership composed of defendant and another. After the last loan was made, plaintiff and defendant adjusted the account, plaintiff making certain deductions from the total amount of the loans for losses through expenditures incurred by the firm on plaintiff's advice, leaving a balance of $1,412.26, and defendant executed the following written promise to pay it:

"New York, May 5, 1891.

"This is to certify that I owe J. M. Fair, New Rochelle, N. Y., fourteen hundred and twelve ($1,412) dollars, in settlement of partnership dissolution of M. Mevey & Co., to be paid to him in amounts, without interest, as I can spare, from time to time.

"[Signed]　　　　　　　　　　　　　　　　E. C. Mevey."

Theodore T. Baylor (Alexander Thain, of counsel), for the motion.
Campbell & Hance (James M. Kerr, of counsel), opposed.

GILDERSLEEVE, J. (orally). The bar of the statute of limitations has not intervened in this action. The parties, having adjusted the account between them, agreed upon a balance, and, the defendant having given a written acknowledgment and promise to pay, this constitutes a new promise to pay, and the statute of limitations did not begin to run until a right of action accrued upon the new promise. Six years not having elapsed from the date of the execution of the written promise to pay before suit was commenced, the statutory bar has not intervened.

As to the second branch of the motion, for the purpose of this decision, it is assumed that there was a settlement between the parties, that a balance was struck and agreed upon, and that the defendant executed an acknowledgment in writing, and in it promised to pay the amount from time to time, as she could spare the money. There can be no dispute regarding the fact that such a promise is a promise to pay, upon a condition, but the consideration upon which it was made— if there was any consideration at all—was past and executed. It is not contended that there was any new consideration for the promise. Assuming this to be the case, the rule laid down in Work v. Beach, 53 Hun, 7, 6 N. Y. Supp. 27, does not apply, and the promise to pay upon condition is ineffectual to defeat this action, because a consideration past and executed will support no other promise than such as would be implied by law, which is to pay on request. Robbins v. Downey (Com. Pl.) 18 N. Y. Supp. 100; Rascorla v. Thomas, 3 Q. B. 234. Where an account has been settled between the parties, and a balance ascertained to be due from one to the other, the law implies a promise by the debtor to pay on request, and any ex post facto promise by the debtor differing in its nature therefrom, as to pay on a particular day, as he can spare the money, when able, and the like, unless made upon some new consideration moving from the creditor to the debtor, is nudum pactum, and cannot operate to defeat the creditor's right of action on the obligation. Robbins v. Downey, supra; Hopkins v. Logan, 5 Mees. & W. 241, 249. It not being claimed by the defendant that there was any new consideration for the ex post facto agreement in this case, the motion to dismiss the complaint must be denied.