## CODY *vs.* CODY *et al.*

1. Three persons being sued as partners on a promissory note, signed by a firm name, and one of the three having pleaded *"non est factum,"* whilst the other two made default; one of the two, so in default is incompetent on the score of interest, as a witness, to prove the liability of the party pleading *non est factum.*
2. Three persons being partners in mercantile business, evidence that one of them sold out his interest in the stock of goods on hand, but not in the notes, accounts, and other assets of the firm, to a fourth party, who formed a new mercantile partnership with the other two under a different firm, style and name, is not *per se* proof of a dissolution of the first partnership.

Debt, in Warren Superior Court. Tried before Judge THOMAS, at the October Term, 1860.

The facts and questions presented by the record in this case are as follows, to wit:

Benjamin G. Cody brought an action against James Cody, Jesse M. Roberts and Alphonzo B. Rogers, alleging, that as partners, they were indebted to him the sum of money due upon a promissory note, of which the following is a copy:

"One day after date, we promise to pay B. G. Cody, or bearer, four hundred dollars, for value rec'd. December 15, 1856. "CODY, ROBERTS & CO."

The defendants, Cody and Rogers, set up no defence to the action, whilst Jesse M. Roberts resisted a recovery against him, on the ground: that no such firm, as that of Cody, Roberts & Co., existed at the time the note sued on was given; said firm having been dissolved on the 2d of February, 1856, of which the plaintiff had notice; that said note was not given for any debt due by said firm, or for any consideration passing or existing between the plaintiff and said firm, and that the note was executed without any authority, express or implied of the said Roberts, and is not his act and deed.

On the trial, plaintiff introduced the note as evidence, and then closed.

The defendant, Roberts, then introduced Thomas S. Hundley as a witness, who testified: That about the 6th of February, 1856, the witness purchased the interest of the defend-

ant, Jesse M. Roberts, in the stock of goods then on hand, and belonging to the mercantile firm of Cody, Roberts & Co., which had existed some time in Warrenton, and which was composed of the defendants; that after the purchase, Roberts had nothing to do with the defendants Cody and Rogers, either in buying or selling goods; but that said Cody and Rogers were engaged in business under the firm, name and style of "Cody, Rogers & Hundley;" that plaintiff was clerk for both firms, and aided in taking stock at the time witness bought Roberts' interest; the witness does not know whether the firm of Cody, Roberts & Co., was ever dissolved or not, but does know, that Roberts had nothing to do with said firm after the purchase aforesaid, except to collect and pay debts; the witness only bought the interest of Roberts in the goods, and not in the notes, accounts or other assets of the firm; the old firm kept their books in the back room of the store of the new firm, and collected and paid debts at that place; all the partners of the old firm had free and constant access to the books, and Roberts was often there, assisting in making settlements on the books; the book offered in evidence, is the cash book of the old firm, and contains entries in the handwriting of all the partners; the last entries in it in 1858, are in Roberts' handwriting, and so are the entries on the last two pages; witness has made entries in the cash book at the request of Roberts, and when some of the last entries were thus made by witness, Roberts said the payments were made by him out of his private fund; the sign-board of Cody, Roberts & Co., remained over the store door some time after the purchase by witness of the interest of Roberts in the goods of the old firm, such a thing being common in the town of Warrenton; the note sued on was signed by the defendant Rogers.

The plaintiff then offered as evidence, the depositions of the defendant Alphonzo B. Rogers, to prove that the note sued on was given by him for money borrowed, with the knowledge and consent of the defendants to pay off a note on them in bank, and that the money was so applied.

Upon objection made, the depositions were excluded on the ground that the witness was incompetent to testify on the score of interest in the event of the suit.

The plaintiff then tendered in evidence, the record of a suit and judgment, in Warren Superior Court, in favor of John

Cody vs. Cody et al.

S. Reid against Cody, Roberts & Co., founded on a note signed by Cody, Roberts & Co., of a subsequent date, to the note sued on this case, counsel for plaintiff undertaking at the same time to show by other proof, that said judgment was paid off by the defendant Roberts.

Upon objection made, this record was also excluded. The record thus excluded is not copied in the brief of evidence.

The plaintiff also offered as evidence, a note signed "Cody Roberts & Co.," payable to John S. Reid or bearer, for $531.24, dated 16th of April, 1857, and due the first of December thereafter, which was likewise, upon objection made, repelled by the Court.

The testimony being closed, the presiding judge charged the jury: "That if they believed the testimony of the witness, Hundley, they must find for the defendant Roberts; and that the facts appearing from the cash book, might be considered as against the truth of Hundley's testimony, but if, notwithstanding the entries in the cash book, they believed that Hundley spoke the truth, and was not mistaken, then they ought to find for the defendant Roberts."

The jury returned a verdict in favor of the plaintiff, against the defendant Cody, and Rogers for the full amount of the note, and for the defendant Roberts with costs of suit.

Counsel for the plaintiff then moved for a new trial on the grounds:

1st. Because the Court erred in rejecting the depositions of Rogers offered by plaintiff as hereinbefore stated.

2d. Because the Court erred in rejecting the record of the suit and judgment between Reid and Cody, Roberts & Co., as before set forth.

3d. Because the Court erred in the charge which he gave to the jury as aforesaid.

This motion was overruled, and the new trial refused, and the writ of error in this case is prosecuted for the purpose of reversing that decision.

E. H. POTTLE, AND WASDEN AND NELMS, for plaintiff in error.

ISAAC B. HUFF, for defendant in error.

*By the Court.*—JENKINS, J., delivering the opinion.

This was a statutory action, brought upon a note signed "Cody, Roberts & Co.," against three persons, respectively named Cody, Roberts & Rogers, who are alleged to constitute the firm represented by that name and style. Cody & Rogers made no defence, Roberts plead *non est factum,* and upon the issue presented by that plea, the case (*quo ad* the liability of Roberts), turned. The jury rendered a verdict in favor of Roberts, and counsel for plaintiff below moved for a new trial on the following grounds:

· That the Court erred in rejecting the testimony of the defendant Rogers, offered by the plaintiff to prove the liability of Roberts, on the ground that the witness had an interest, adverse to his co-defendant Roberts, which made him incompetent.

That the Court erred in rejecting, when offered as evidence, by plaintiff, the exemplified copy of the record of a suit brought by one Reid, against the same defendants on a note signed with the same firm name, after the date of the note now sued on, wherein judgment was obtained against all the defendants; and also in rejecting the note so sued on; plaintiff at the same time, stating to the Court that he expected to connect with that documentary testimony, evidence that the defendant Roberts, paid that judgment. That the Court erred in charging the jury, that if after weighing all the evidence relied upon by plaintiff's counsel, as conflicting with the testimony of the witness Hundley, and with the position that the partnership had been dissolved, prior to the date of the note in suit, they believed the witness Hundley, they ought not to find against the defendant Roberts. The application for a new trial was refused, and each ground overruled. To these several rulings of the Court below plaintiff excepts.

1. There were three defendants, two of whom, Cody & Rogers, made no defence; their liability was not contested. By the verdict of the jury, the liability to pay the note was fixed upon those two, the defendant Roberts being exonerated. But the plaintiff offered Rogers, one of those two, as a witness to establish the liability of Roberts, co-extensive with his own, and that of the other non-resisting defendant. Had this testimony been admitted, and had it satisfied the jury, that in law, Roberts was equally liable with the others, that verdict would have been rendered against the three. How would that change in the verdict have affected the interest of

Rogers, the witness? As the record now stands the *two* defendants, Cody & Rogers, are liable *inter se,* each for *one-half* the debt. In the other result (that sought by the testimony of Rogers) the *three* defendants would have been liable *inter se,* each for *one-third* the debt. Was it his interest to reduce his liability from one-half to one-third the debt? In legal contemplation it certainly was, and therefore the ruling of the Court below, excluding his evidence, was correct.

The exemplification of the record in the case of Reid *vs.* these defendants, the rejection of which, is the grievance of the second exception, does not appear in the brief of evidence. Not being a record between the same parties, but offered as evidence to establish a *fact,* which the plaintiff insists was in issue in both cases, it becomes important, in the adjudication of this point, to know what issue, or issues, were made in that case, and this we can not know without a view of the pleadings—an inspection of the record. We therefore decline to decide this point because not properly presented in the record before us.

2. The remaining exception is to the charge of the Court, regarding the effect of Hundley's testimony. The Court very fairly directed the attention of the jury to so much of plaintiff's evidence as conflicted with Hundley's testimony; and having done so, charged them that if, notwithstanding this conflicting evidence, *"They believed Hundley, they ought not to find against Roberts."* This is equivalent to saying, that taking the testimony of Hundley, *per se,* it was sufficient, if the jury believed him, to exonerate Roberts. Certainly no view of the question more favorable to the charge of the Court can be taken; and in this view we consider it.

The evidence establishes the fact that a copartnership had existed between the three defendants, under the firm of Cody, Roberts & Co., anterior to the execution of the note in suit. That the note was made by one of the firm in the firm name, is not disputed. Roberts sought to evade liability by proving a dissolution of the partnership prior to the date of the note, and Hundley the witness upon whom he relies.

Does Hundley directly and in terms prove a dissolution of the partnership? On the contrary, he says, twice, he does not know that that partnership was dissolved. Does he, then, testify to any fact from which the dissolution necessarily results as an inference of law? The defendant, Roberts, in-

sists that he does, and relies upon this portion of the testimony briefly stated, viz.:

That early in 1860, the witness bought from the defendant, Roberts, his interest in the stock of goods, held at that time by Cody, Roberts & Co., and formed a copartnership with Cody & Rogers, under the firm of Cody, Rogers & Co., which last firm carried on a trade in the same store previously occupied by Cody, Roberts & Co. That the last mentioned firm never afterwards sold goods. That in the transaction between witness and Roberts, witness did not purchase Roberts' interest in the accounts, notes and assets of the firm of Cody, Roberts & Co. That Cody, Rogers & Roberts continued to use the back room of the storehouse for the purpose of collecting and paying debts, and winding up the business, in which each participated—each making entries in the books.

This evidence simply establishes the fact that at a given time, the firm of Cody, Roberts & Co., ceased to buy and sell goods—had no common property in any stock in trade as distinguished from other property. But it is apparent they had a common interest still in the fruits of that trade; that they jointly possessed all other assets of the firm; that they all participated in the collection of debts due them, and in the payment of debts due by them; that they had equal access to, and control of the assets and books of the firm. Now, a partnership, after the firm cease to buy and sell goods, may well be, and often is, continued for the purpose of winding up. They often borrow money in the firm-name to facilitate the winding up.

We think, therefore, the evidence of Hundley was insufficient to exonerate Roberts—that there was error in the charge of the Court below, and for this cause reverse the judgment.

## JUDGMENT.

Whereupon, it is considered and adjudged by the Court, that the judgment of the Court below be reversed, on the ground that the Court erred in not granting a new trial upon the third assignment of error in the motion for a new trial, viz.: That the Court erred in charging the jury, that if, after weighing all the evidence relied on by defendants' counsel as conflicting with the testimony of Thomas S. Hundley, and with

the position that the partnership has been dissolved, they believe the testimony of said Hundley, they should find for the defendant Roberts; this Court holding that the testimony of said Hundley does not show a dissolution of the partnership styled Cody, Roberts & Co.