TATE, administrator, *v.* GAIRDNER, administratrix.

1. A party objecting to a stated account must surcharge or falsify.

2. When an account has become stated, the party rendering the same is bound thereby, unless he shows that there has been a clear and palpable mistake in the account, or an omission of items is clearly and satisfactorily established ; and this must be done to the same extent and with the same degree of certainty that courts of equity require in order to correct mistakes.

3. The returns of executors, administrators, or other trustees to the ordinary become, after approval by him, stated accounts within the meaning of the rules above announced.

4. On the hearing of a citation for a settlement before the ordinary, against an administrator or executor, neither the ordinary nor the superior court on appeal has authority to allow the defendant credit for items accruing after the last return, unless such items are specially pleaded in the answer.

5. While the rulings of the judge on the exceptions of fact, which were complained of in the numerous grounds of the motion for a new trial, were in the main correct, the rulings complained of in three grounds were erroneous and require a reversal of the judgment, which will set aside the entire verdict, in the absence of a direction to the contrary. It not being clear that under the peculiar facts such direction would be in the interest of justice, it will not be given.

Argued October 30, — Decided December 9, 1903.

Citation and appeal. Before Judge Holden. Elbert superior court. January 5, 1903.

*I. C. VanDuzer* and *C. P. Harris*, for plaintiff.

*Joseph N. Worley*, for defendant.

COBB, J. H. K. Gairdner and J. H. Grogan were the executors of the will of George W. Dye. Both having died, Tate was appointed administrator with the will annexed of Dye's estate. Tate cited Mrs. Lavonia Gairdner, as administratrix of the estate of H. K. Gairdner, and the executors of Grogan before the ordinary for the settlement of the accounts of the executors of Dye. The only allegation in the petition upon which the citation was based, as to the liability of the executors, was in the following words : " There still remains in the estates of said H. K. Gairdner and John H. Grogan assets belonging to the estate of said Geo. W. Dye, deceased, to which your petitioner is entitled, that he may proceed to administer the estate of the said Geo. W. Dye." The executors of Grogan answered the citation, denying the allegation above referred to, and also denying that the estate of their testator was in any manner liable for waste, mismanagement, interest, or funds of

any kind. The administratrix of Gairdner answered, alleging that she had no funds or assets in her hands belonging to the estate of Dye which should be turned over to the administrator with the will annexed ; and specially pleaded an alleged settlement which had been made between her intestate and the legatees of Dye, as an accord and satisfaction of all claims or demands which the estate of Dye had against the estate of her intestate. The ordinary rendered a judgment in favor of the defendants, and Tate appealed to the superior court. The case came on for trial in the superior court, and resulted in a verdict in favor of the plaintiff. The case was brought to this court upon a bill of exceptions assigning error upon the refusal of the judge to grant a new trial, and the judgment was reversed. See *Gairdner* v. *Tate*, 110 *Ga.* 456. In the opinion in the case just referred to, Mr. Chief Justice Simmons suggested to the presiding judge, that, as the case involved complicated and intricate matters of account, it might with propriety be submitted to an auditor. Adopting the suggestion thus made, the case was referred to an auditor, who reported that the executors were due the estate of Dye $525.58. To this report Tate and Mrs. Gairdner each filed exceptions both of law and fact. No exceptions appear to have been filed by the executors of Grogan. The exceptions of law were sustained by the court. On the exceptions of fact filed by the parties the court directed a verdict. The jury were directed to find in favor of certain exceptions filed by the plaintiff as well as by the defendant, and against certain exceptions filed by the plaintiff as well as by the defendant. The plaintiff made a motion for a new trial upon the general grounds, and by amendment added several grounds, in which error is assigned generally upon the order directing a verdict on the several exceptions of fact filed by the plaintiff and defendant, and also specifically assigning error upon the direction of a verdict against certain exceptions of fact filed by the plaintiff and in favor of certain exceptions of fact filed by the defendant. The motion for a new trial was overruled, and a bill of exceptions was sued out, in which error is assigned upon the judgment overruling the motion for a new trial, and also upon the judgment sustaining certain exceptions of law filed by the defendant, to which ruling exceptions pendente lite had been duly filed.

1–3.   It is a well-settled rule in equity, that one who objects

to a stated account must surcharge or falsify, that is, must allege an omission in the account or deny the correctness of some or all of the items rendered. Civil Code, § 3994. An account rendered by an administrator or executor to the ordinary is a stated account within the meaning of this rule; and when such an account is attacked in equity, the burden of proof is upon him who surcharges or falsifies, and consequently the allegations in the bill must be sufficient to admit evidence for that purpose at the trial. *Shorter* v. *Hargroves*, 11 *Ga.* 658 (5). Upon a citation before the ordinary for a settlement the court of ordinary has the same jurisdiction over the matters of the account of the executor or administrator as a court of equity would have upon a bill for a settlement; and the rule in equity above referred to has been held applicable to the pleadings upon which the settlement before the ordinary is to be based, it having been distinctly ruled that " Where an attack is made upon returns which have been examined and allowed by the court of ordinary, it is incumbent upon the party who attacks them to show wherein they are unlawful, and in his pleading he should point out specifically the items of the returns on which the attack is made, and as to each should disclose the cause or ground of the attack." *Bonner* v. *Evans*, 89 *Ga.* 659 (1). It is true that in the case just cited the account of the guardian of a lunatic was involved, but the principle is equally applicable to accounts of executors, administrators, and other trustees who are required by law to make returns to the ordinary. If the party against whom the account is rendered is bound to specifically attack the items of the account before he will be heard to make objection to the same, for equal, if not greater, reason the party rendering the account, which has become an account stated, should be held bound thereby until some defect is pointed out in the account by a specific objection thereto. And such has been held to be the rule in this State. *Trippe* v. *Wynne*, 76 *Ga.* 200 (2a). While authorities in other jurisdictions are not in accord on this subject, there is authority in harmony with the decision just cited. See Warner v. Myrick, 16 Minn. 91; Moody v. Thwing, 46 Minn. 511; Hendy v. March, 75 Cal. 566; St. Louis Bottling Co. v. Bank, 8 Colo. 70; Barker v. Hoff, 52 How. Pr. 382; Beach v. Kidder, 8 N. Y. Supp. 587; 1 Enc. P. & P. 89. See also generally, on the subject of accounts stated, 1 Cyc. 364–401. If such is the rule

in reference to accounts stated generally, certainly this rule would be applicable to a stated account like the return of an administrator or executor to the ordinary, which has been approved by the court as correct, and which is declared by statute to be prima facie correct as to all persons interested therein. If a creditor or heir or legatee is bound by the account until he points out specifically the incorrect or omitted items, certainly the executor or administrator who renders the account should be likewise bound. Applying this rule in the present case, we find no specific attack made upon the returns of the executors, either by the plaintiff or the defendants. The plaintiff charges generally that the estates of the executors are liable to the estate that he represents. The representatives of the deceased executors deny this only in general terms, and make no specific attack upon the returns of the executors or any item therein. Before the plaintiff will be allowed to attack the returns, he must allege in his petition that some of the items are incorrect, setting forth the items, as well as the grounds of attack upon them, or he must allege that there has been an item or items omitted from the returns, which should form a part thereof, setting forth specifically what such items are, so that the defendants may be put on notice of the claims made against them. Before the executors who made the returns, or their legal representatives, will be allowed to attack the returns, they must set forth the items which they claim were incorrectly made a part of the account, or must set forth specifically the items which should have been made a part thereof and were omitted, giving the reasons why such items were omitted, or were incorrectly stated, as the case may be. And in a case where an executor or administrator seeks to surcharge or falsify his own account, in order to sustain the objection it must appear that there was a clear and palpable mistake made in the account, or that there has been an omission of items to which the proof clearly and satisfactorily shows he was entitled; and this must be done to the same extent and with the same certainty that courts of equity require where applications are made to correct mistakes. In the absence of clear proof of mistake, the account rendered to the ordinary must stand. See *Trippe* v. *Wynne*, supra. It follows from what has been said, that when the executors of Dye charged themselves with $1,275 collected from rents, and a return

embracing this item was approved by the ordinary, the auditor erred in striking the same from the account, there being no specific attack made upon this item ; and the judge should have sustained the exception to the auditor's report which assigned error upon this finding.    It also follows that there was no error in sustaining the exceptions of law filed by the defendant which raised the question that the auditor erred in admitting evidence tending to show the incorrectness of certain items in the returns which had not been attacked in the pleadings.    Nor was there any error in holding that the exceptions of fact which were directed against the findings of the auditor of the different amounts which were not embraced in the pleadings could not be sustained.

4.    It follows from what has been said, that where an executor has been cited to a settlement before the ordinary, and the petition does not make any attack upon his returns, and the defendant in his answer merely denies in general terms liability and does not set up any claim that the return was incorrect or incomplete, the ordinary is to make up the account and settlement from the returns as they appear of record in his office.    If the plaintiff desires to charge the defendant, he must set forth in his petition the grounds of liability upon which he relies, with the same certainty that would be required to set them up if he applied to a court of equity to compel the executor to come to a settlement. The defendant is also bound to set up by answer his defense with the same degree of certainty that would be required in an answer in equity.    If the executor or administrator has made no returns, then the petition for the citation should allege this fact, and also show what property of the estate has gone into his hands.    In such a case the defendant should set forth in detail the credits that he relies upon, with the same certainty that would be required in a return to the ordinary.    If the defendant has made returns, but payments have been made by him since the last return, he should set forth in his answer the items of such credits with the same certainty as would be required in a return.    If his answer does not set forth such additional items, then the court has no authority to allow them in the settlement.    It therefore follows that as Mrs. Gairdner did not set up in her answer the item of $3,000 paid by her on the Howard note since the death of her husband, the auditor erred in allowing her credit for this amount,

and the judge erred in directing the jury to find against the exception filed in regard to this matter. The judge also erred in directing the jury to find in favor of the exception of the defendant which set up a credit of ten per cent. commissions on the item of $1,275 interest which' the executors had earned. This item was not pleaded, nor have we been able to find it in any of the returns of the executors.

While the motion for a new trial consists of the general grounds and ten special grounds referring to rulings of the judge directing findings by the jury on the exceptions of fact, those rulings which seem to us to be erroneous are confined to three of these grounds only. The other rulings are free from error, as, under the present condition of the pleadings, no other course was open to the judge than that which he followed. The errors in these three grounds will result in a reversal of the judgment overruling the motion for a new trial, which, in the absence of a direction by this court confining the effect of the judgment to the items involved in the three grounds which contain the erroneous rulings, will have the effect to set aside the entire verdict. We might, in the exercise of the discretion with which the law invests this court, direct that the verdict and judgment be amended by striking two of the items of credit which the auditor erred in allowing, and inserting the item of debit which the auditor erred in striking; but no request was made for such a direction, and we are not altogether clear that this course would be in the interest of justice. We will therefore reverse the judgment generally, and leave the case to be disposed of in accordance with the law applicable thereto when it comes before the judge again for final judgment.        *Judgment reversed.    All the Justices concur.*