## 43395. STONE v. FIRST NATIONAL BANK OF ATLANTA, Executor, et al.

PANNELL, Judge. 1. " 'An account stated is an agreement between persons who have had previous transactions, fixing the amount due in respect of such transactions, and promising payment.' *Ward v. Stewart,* 103 Ga. 260, 262 (3) (29 SE 872); *Moore v. Hendrix,* 144 Ga. 646 (87 SE 915); *Borders v. Gay,* 6 Ga. App. 734 (65 SE 788). Bouvier defines an account stated as 'An agreed balance of accounts. An account which has been examined and accepted by the parties.' An account stated establishes the creditor's claim and entitles him to bring an action on it as a liquidated demand; and in the absence of fraud or mistake an account stated is conclusive upon the parties. *Phillips v. Ableson,* 60 Ga. App. 558, 559 (4 SE2d 411)." *Martin v. Mayer,* 63 Ga. App. 387, 399 (11 SE2d 218).

2. "A party objecting to a stated account shall surcharge and falsify. The former is to allege omission; the latter is to deny the correctness of certain of the items rendered. One palpably fraudulent item casts suspicion upon the entire account." *Code* § 37-306. To surcharge is to allege an omission; to falsify is to deny the correctness of certain items rendered. *Warner Robins Sun v. Clary,* 98 Ga. App. 500, 502 (106 SE2d 57). A mistake in an account stated must be raised by the pleadings and sustained by proof to the same degree of certainty as equity requires to correct a mistake. *Tate v. Gairdner,* 119 Ga. 133 (2) (46 SE 73).

Where, as in the present case, the partners in a partnership composed of three persons have an accounting or settlement

as to their obligations to the partnership and the obligations of the partnership to them, and it is determined upon the accounting that one of the partners is indebted to the partnership in a stated amount, and he gives his note for this amount payable to the partnership, it is conclusive upon him, and he cannot thereafter assert any claim against the partnership for salary and expenses which had accrued prior to such settlement in the absence of a plea and proof of fraud or mistake. See also Annotation 11 ALR 604; 75 ALR 1289.

3. Code § 75-107 relating to the dissolution of partnerships does not state all the means known to the law for dissolving a partnership as "[e]very change in the personnel of a partnership, such as the withdrawal of a member or admitting a new one, works a dissolution. 20 R.C.L. 954, § 178; Richards v. Butler, 65 Ga. 593, 598 (2); Preston v. Garrard, 120 Ga. 689, 690 (48 SE 118, 102 ASR 124, 1 AC 724)." Harwell v. Cowan, 175 Ga. 33 (1) (165 SE 19). See also Fenner & Beane v. Nelson, 64 Ga. App. 600, 606 (2) (13 SE2d 694). "No partner, by assigning his interest or otherwise, may introduce a new partner without the consent of the others, unless such power be reserved in the contract." Code § 75-204. And while, where a partner without the consent of the other partners sells all or part of his interest in the partnership as such, as distinguished from specific firm assets, it might be that such facts may constitute proof of the dissolution of the partnership by withdrawal of the selling party; yet the partnership may continue for the purpose of accounting and settlement (see Cody v. Cody, 31 Ga. 619 (2)), and the party purchasing such partnership interests purchases them subject to any such accounting between the partners, particularly so where such sale was made without the consent of, and without notice to, the other partners.

4. Where the partner, who in the settlement executed his note to the partnership on January 25, 1961, had prior thereto sold to a third party on July 12, 1960, one-half of his interest in the partnership, and subsequently to the settlement and on the 19th day of December, 1961, executed to the same third party a conveyance of the remainder of his interest in the partnership, all without notice to or consent of the other partners, in which later conveyance the selling partner covenanted that both conveyances "were made free and clear of any indebtednesses, claims or liens whatsoever" and that the selling part-

ner "agrees to hold" the purchaser "harmless on account thereof" and in which last sale agreement it was also provided that nothing in the agreement "shall affect in any way whatsoever the indebtedness due by" the seller to the partnership as evidenced by the note and that the agreement shall not "affect in any way the indebtedness due" the seller "by said partnership in the approximate amount of $10,400 [the amount of the salary and expenses claimed] and said parties shall have the right to negotiate and settle their respective rights and liabilities in so far as these two particular claims are concerned, irrespective of any agreement and provision herein contained," these provisions in the conveyances, even if construed to have a contrary purpose as between the selling partner and the third party purchaser, could have no effect upon the rights of the other partners in the firm assets, of which the note evidencing the indebtedness of the selling partner to the partnership is one, and for which share of the indebtedness the other partners have a prior claim on the firm assets before the third party purchaser may receive the share of the selling partner. The purchaser can acquire as against the other partners no greater interest in the partnership as such than the selling partner would be entitled to upon final accounting had between the three partners.

5. The evidence in the present case authorized the factual conclusions reached by the trial judge and those stated in this opinion. Accordingly, the trial court did not err in holding the partnership interests sold by Stone to McBrine subject to the indebtedness owed the partnership by Stone in the final accounting by the partners, and, in holding that Stone was precluded from recovering or setting off or recouping the alleged claim for services and expenses in the final partnership accounting.

6. In deciding this case and rendering this opinion we have pretermitted all questions as to whether or not the appeal was dismissable because there was no appeal from a final judgment, or because the transcript of the proceedings certified by the court reporter were filed too late, as well as the question of whether or not the enumeration of error should not be considered because the errors complained of were not separately enumerated.

*Judgment affirmed. Jordan, P. J., and Deen, J., concur.*

ARGUED JANUARY 15, 1968—DECIDED MAY 8, 1968—
REHEARING DENIED MAY 23, 1968—CERT. 

*J. Ralph McClelland, Jr.,* for appellant.
*Edward P. Ellis, Walter W. Calhoun, Joe W. Gerstein,* for appellees.