60965. MEREDITH et al. v. SMITH AND SHIVER.

SOGNIER, Judge.

Appellees brought suit to recover attorney fees in the amount of $39,038.64 alleged to be due them by defendants, Robert R. Meredith and Auto Sales of Georgia, Inc. for services rendered. Of the amount sought, $7,894.25 was alleged to be due jointly from Auto Sales and Meredith. Appellants answered generally denying the claim. Appellees moved for summary judgment and filed supporting affidavits showing an agreed hourly rate with attached statements and expense sheets. These statements had been rendered regularly to appellants and appellants had from time to time made part payments on the account. Attached to the affidavits as a part thereof is a letter to appellants dated July 13, 1979, stating the full amount due and requesting payment. On February 18, 1980 Meredith's (new) lawyer, by letter, stated he would forward $10,000 *on behalf* of Meredith as an initial payment on the bill by March 15, 1980. The letter further stated that the lawyer would confer later with appellees on a plan to satisfy the remaining balance due. Appellant Meredith filed a counter-affidavit denying indebtedness for the following reasons:

"a. The amt of the fee was not agreed upon ever

"b. The fee being claimed is excessive

"c. No cases were ever settled"

The trial court granted appellee's motion for summary judgment. Appellants appeal, claiming error in the granting of the summary judgment.

Appellee has fully and succinctly set forth, by affidavit and attachments thereto, their liquidated claim for attorney fees. Appellant Meredith, by letter and payments on the account, has acknowledged the correctness of the account and agreed to pay the same. Thus, we have a stated account. "In order to convert an open account into an account stated, an oral agreement as to the amount and an oral promise to pay are sufficient. [Cits.]" *Lawson v. Dixie Feed &c. Co.,* 112 Ga. App. 562, 564 (145 SE2d 820) (1965). Here we

have an account which was rendered to the debtor; he failed to object to it, and has made payments thereon. In addition, there was a written promise by the lawyer for appellant Meredith to pay the entire balance of the account, and the amount of the balance is not questioned. In order to object to a stated account, Code Ann. § 37-306 provides: "A party objecting to a stated account shall surcharge and falsify. The former is to allege omission; the latter is to deny the correctness of certain of the items rendered. One palpably fraudulent item casts suspicion upon the entire account." See *Stone v. First Nat. Bank,* 117 Ga. App. 802 (2) (162 SE2d 217) (1968). "To warrant a consideration of an affidavit filed in support of or in opposition to, a motion for summary judgment same must 'set forth such facts as would be admissible in the evidence . . .' " *Oglesby v. Farmers Mut. Exchange,* 128 Ga. App. 387, 389 (6) (196 SE2d 674) (1973).

Meredith's affidavit does not object to an omission in the stated account, nor does it deny correctness of certain of the items rendered. Therefore, the affidavit is not such a challenging of the account as to constitute admissible evidence as against a stated account. Even were this not an account stated, Meredith cannot prevail. In *Hyman v. Horwitz,* 148 Ga. App. 647 (252 SE2d 74) (1979), Hyman contended that there was a mistake in the amount owing and a mistake in the validity of the two promissory notes. He also urged generally that the amount sued on was not owed, that payments were made but not credited and that part of the interest charge was not due. In the face of the specific evidence of the notes, this court held that such statements were merely conclusory and had no evidentiary basis. The court went on to state that a person opposing a motion for summary judgment where a case has been made must state specific adverse facts. Id., at 649. Hence, the trial court was correct in granting summary judgment to appellees against Meredith.

Meredith's affidavit deals only with his account and does not mention the account of Auto Sales of Georgia, Inc., in the amount of $7,894.25, which is alleged to be a joint liability of both Meredith and Auto Sales. Since Auto Sales has filed no response to the affidavit of appellee and offers nothing to refute plaintiffs' proof, a grant of summary judgment to plaintiffs was demanded as against Auto Sales. *General American Ins. Co. v. Boyens,* 125 Ga. App. 414, 415 (1) (188 SE2d 172) (1972).

We affirm the summary judgment granted to appellee as against both Meredith and Auto Sales of Georgia, Inc.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 13, 1981.

*William W. Hinesley, Karl L. Kenyon,* for appellants.
*Truett Smith,* for appellee.