## A93A1428. HABERSHAM ELECTRIC MEMBERSHIP CORPORATION v. MIZE.
(439 SE2d 26)

Pope, Chief Judge.

Plaintiff/appellant Habersham Electric Membership Corporation ("HEMC") supplies electricity to chicken houses owned by defendant/appellee Larry Mize. In February 1986, an HEMC employee,

while replacing an electrical meter on Mize's farm, placed an incorrect "multiplier" on the meter. Because of this error, Mize was billed for only one-half of the kilowatt hours which he actually used from February 1986 until July 1989, when the error was discovered. HEMC notified Mize that he had been underbilled by $27,516.44, and when Mize refused to pay that amount, instituted the present action against him. The case was tried before a jury who returned a verdict for Mize. HEMC appeals following the denial of its motion for new trial.

We reverse. Although the precise issue presented appears to be one of first impression in this state, the overwhelming weight of authority from other jurisdictions holds that a utility supplier is entitled to recover against a consumer when, because of a mistake made by the utility, the consumer has been billed for less electricity than the consumer actually used; and that the defenses of accord and satisfaction and equitable estoppel, relied on by the consumer in this case, do not bar recovery by the utility. See, e.g., *Holloway v. Ala. Power Co.,* 568 S2d 1245 (Ala. App. 1990); *Memphis Light, Gas &c. Div. v. Auburndale School Sys.,* 705 SW2d 652 (Tenn. 1986); *Sigal v. City of Detroit,* 362 NW2d 886 (Mich. Ct. App. 1985); *Corporation De Gestion Ste-Foy v. Fla. Power &c. Co.,* 385 S2d 124 (Fla. Dist. Ct. App. 3rd Dist. 1980); *West Penn Power Co. v. Nationwide Mut. Ins. Co.,* 228 A2d 218 (Pa. Super. 1967). Most of the jurisdictions which have reached this conclusion have done so on the basis that to disallow recovery would result in discriminatory charges among consumers, a practice which is prohibited by statute in most states. See *City of Wilson v. Carolina Bldrs. &c.,* 379 SE2d 712, 714-715 (NC App. 1989); *Memphis Light &c. v. Auburndale,* 705 SW2d at 654; *Corporation De Gestion Ste-Foy v. Fla. Power &c. Co.,* 385 S2d at 126; *Chesapeake & Potomac Tel. Co. of Va. v. Bles,* 243 SE2d 473 (Va. 1978).

In Georgia, OCGA § 46-3-11 (a) prohibits an "electric supplier . . . from having or applying any rate, charge, or service rule or regulation which unreasonably discriminates against or in favor of (1) any member of a class of consumers as opposed to any other consumer who is or should be in the same class of consumers for such purposes, or (2) any class of its consumers as opposed to another class of consumers for such purposes, . . ." This section is specifically made applicable to electric membership corporations by OCGA § 46-3-12. In our opinion this statute evinces the public policy of this state that suppliers of electricity cannot discriminate, either for or against consumers, by charging consumers in the same class at different rates. In this case the effect of the error was to charge Mize one-half the amount for electric service which was charged to other consumers in the same class, with the result that Mize paid less than the amount

other like users were required to pay for the same service. We are in agreement with the great weight of authority from other jurisdictions that public policy dictates that the consumer in this situation simply has no defense to avoid liability for underbilled services, once it is established that the consumer received the amount of service alleged by the utility, and once it is established that the consumer did not pay the full amount for the utilities provided. " '[W]here a statute declares that . . . utilities must charge all customers [in a certain class] alike . . . , it is a contravention of public policy to estop the utility from collecting the full amount due for utilities consumed even where the customer has been negligently underbilled.' [Cit.]" *Boone County Sand &c. Co. v. Owen County Rural Elec. &c. Corp.*, 779 SW2d 224, 225 (Ky. App. 1989). Based on the foregoing, this case must be remanded to the trial court for further proceedings consistent with this opinion.

*Judgment reversed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED NOVEMBER 16, 1993 —
RECONSIDERATION DENIED DECEMBER 10, 1993 — 

*Adams, Ellard & Frankum, Cadman R. Kiker, Jr.*, for appellant.
*McDonald & Cody Law Offices, Douglas W. McDonald, Sr., Phillip G. Cody, Jr.*, for appellee.
*Jeffrey C. Stair*, amicus curiae.