A99A0819. BROWN et al. v. WALTON ELECTRIC MEMBERSHIP CORPORATION.
(518 SE2d 727)

BLACKBURN, Presiding Judge.

Henning Brown and Bosche Brown, Inc. d/b/a Auto Body Color Paint & Decorating (Brown) appeal the grant of summary judgment to Walton County Electric Membership Corporation (Walton EMC) on Walton EMC's complaint for amounts owed as a result of underbilling for electric service. In separate enumerations of error, Brown contends that genuine issues of material fact remain with regard to: (1) the applicability of the defenses of equitable estoppel, accord and satisfaction and the statute of limitation and (2) the evidence presented by affidavit in support of the motion.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary

judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

The undisputed facts show that Walton EMC supplies electricity to Brown pursuant to an agreement. From November 1991 to June 1997, Walton EMC used an incorrect multiplier in determining Brown's usage. Consequently Brown was billed for less than the amount of electricity he actually used during this period. Walton EMC notified Brown that he had been underbilled by $20,808.90, and when Brown refused to pay, Walton EMC filed suit.

1. The trial court properly found that the defenses of equitable estoppel and accord and satisfaction and the statute of limitation do not bar recovery by Walton EMC. In *Habersham Elec. Membership Corp. v. Mize*, 211 Ga. App. 329 (439 SE2d 26) (1993), a case directly on point with the present case, this Court observed that it is "the public policy of this state that suppliers of electricity cannot discriminate, either for or against consumers, by charging consumers in the same class at different rates." Id. at 330; see OCGA § 46-3-11 (a). In this case, Brown was charged less for electric service than other consumers in the same class and consequently paid less for the same service.

> [P]ublic policy dictates that the consumer in this situation simply has *no defense* to avoid liability for underbilled services, once it is established that the consumer received the amount of service alleged by the utility, and once it is established that the consumer did not pay the full amount for the utilities provided. Where a statute declares that utilities must charge all customers in a certain class alike, it is a contravention of public policy to estop the utility from collecting the full amount due for utilities consumed even where the customer has been negligently underbilled.

(Punctuation omitted; emphasis supplied.) Id. at 330-331.

Brown erroneously contends that *Habersham Elec. Membership Corp.* is no longer valid, relying on Judge Beasley's special concurrence in *Albany Oil Mill v. Sumter Elec. Membership Corp.*, 212 Ga. App. 242 (441 SE2d 524) (1994). However, *Albany Oil Mill* and *Habersham Elec. Membership Corp.* are not conflicting decisions. Judge Beasley's concurrence, which is not binding authority, simply explained that equitable estoppel is an available defense to ultra vires actions. *City of East Point v. Upchurch Packing*, 58 Ga. App. 829

(200 SE 210) (1938),[1] on which Brown also relies, does not require a different result. In *City of East Point* equitable estoppel was a defense to ultra vires acts. Since the underbilling situation in *Habersham Elec. Membership Corp.* did not involve ultra vires acts, its holding is correct. This case likewise does not involve ultra vires acts and therefore is controlled by the holding in *Habersham Elec. Membership Corp.*

2. Brown contends that the affidavit of Russell DeLong, filed in support of Walton EMC's motion for summary judgment, is deficient because it contained inadmissible hearsay and that, as a result, Walton EMC was not entitled to summary judgment. The trial court determined that an exhibit to the affidavit was admissible as a business record, and Brown asserts that determination was erroneous.

Pursuant to OCGA § 9-11-56 (e):

[A]ffidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in the evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

DeLong's affidavit[2] states affirmatively that it is made upon personal knowledge. "A statement in the jurat to the effect that the affidavit is made upon personal knowledge is generally sufficient to comply with OCGA § 9-11-56 (e)." (Punctuation omitted.) *Bishopsgate Ins. Co. v. Cactus Club*, 176 Ga. App. 354 (335 SE2d 685) (1985). The affidavit incorporates by reference a letter and attachment dated September 15, 1997, from DeLong to Brown's attorney in which DeLong explains the error. DeLong sets forth the General Service rate (the rate at which consumers like Brown are billed), the rate at which Brown actually was billed, and the calculations for the amount owed by Brown. This evidence established that, due to the billing error, Brown was charged a more favorable rate for electric service than other consumers in the General Service rate class in violation of OCGA § 46-3-11 (a). This evidence also established the amount owed by Brown.

Brown's argument that the letter and attachments are inadmissible as business records is not applicable because the information in the letter and the attachment was based on DeLong's personal knowledge, and Brown does not contend that the information in the

---

[1] This case was decided prior to the enactment of OCGA § 46-3-11 and, consequently, does not address application of the statute.

[2] DeLong's affidavit actually consists of an initial affidavit and a supplemental affidavit.

affidavit was beyond DeLong's personal knowledge. "[T]here was no requirement to show the documents were also admissible as business entries. Evidence admissible in one capacity is not inadmissible because it does not satisfy the rules for admissibility in another capacity." *Stuckey Diamonds v. Jones*, 195 Ga. App. 351, 352 (393 SE2d 706) (1990). Therefore we need not address whether the letter and attachments were admissible as business records. Even if we were to determine that they were not admissible as business records, a judgment right for any reason will be affirmed. *Southern Electronics Distrib. v. Anderson*, 232 Ga. App. 648, 650 (2) (502 SE2d 257) (1998).

*Judgment affirmed. Barnes, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MAY 28, 1999 — CERT. APPLIED FOR.

McArthur & McArthur, John J. McArthur, Charles E. Auslander III, for appellants.

Lambert & Roffman, Marvin J. Reitman, Jr., for appellee.