S99G1407. BROWN et al. v. WALTON ELECTRIC MEMBERSHIP CORPORATION.
(531 SE2d 712)

THOMPSON, Justice.

During a period of more than five years, Walton Electric Membership Corporation ("Walton") mistakenly underbilled Brown, its customer, for electricity. Walton sued Brown for the correct billing amount, and Brown raised accord and satisfaction, equitable estoppel, and statute of limitation defenses. The trial court awarded summary judgment to Walton, and the Court of Appeals affirmed. *Brown v. Walton Electric Membership Corp.*, 238 Ga. App. 347 (518 SE2d 727) (1999). We granted certiorari and posed this question:

> When an electric supplier's act results in the underbilling of its customer, and the supplier seeks to recover the correct billing amount, does OCGA § 46-3-11 preclude the assertion of accord and satisfaction, equitable estoppel, or statute of limitation as defenses?

OCGA § 46-3-11 (a) provides, in part:

> Every electric supplier is prohibited from having or applying any rate, charge, or service rule or regulation which unreasonably discriminates against or in favor of . . . any member of a class of consumers as opposed to any other consumer who is or should be in the same class of consumers for such purposes.

Relying upon this Code section, and *Habersham Electric Membership Corp. v. Mize*, 211 Ga. App. 329, 331 (439 SE2d 26) (1993), the Court of Appeals held that where, as here, an electric company mistakenly bills its customer for less electricity than he actually used, the customer has no defense – he must pay the correct amount

of the bill. As that court stated in *Mize*, supra at 330-331, and reiterated in this case, *Brown*, supra at 348:

> Public policy dictates that the consumer in this situation simply has no defense to avoid liability for underbilled services, once it is established that the consumer received the amount of service alleged by the utility, and once it is established that the consumer did not pay the full amount for the utilities provided. Where a statute declares that utilities must charge all customers in a certain class alike, it is a contravention of public policy to estop the utility from collecting the full amount due for utilities consumed even where the customer has been negligently underbilled.

(Emphasis omitted.)

Although *Mize* has been the law in this state for more than six years, we believe it is misguided and should be overruled. In our view, the purpose of the Georgia Territorial Electric Service Act, and, in particular, OCGA § 46-3-11 (a), is to protect the public from possible fraud, corruption, and discrimination in rate charges. The legislature did not mean to prohibit a customer from asserting defenses against a supplier which undercharged the customer and then sued for its mistake. Nor did it intend to protect the supplier from the consequences of its own negligence.

We hold, therefore, that a customer can assert accord and satisfaction, equitable estoppel, or statute of limitation defenses when an electric supplier sues to recover the correct billing amount. Our reasoning is plain: It is simply unjust to require an innocent consumer to bear the entire cost of a supplier's mistake where, as here, there is no time limit on back billings. Armed with absolute immunity for an indefinite time, the supplier has little incentive to establish reasonable procedures to guarantee that its meters are properly calibrated or that its bills are computed accurately.

We are not alone in our thinking. Although the majority of jurisdictions do not permit a consumer to avoid liability for negligently underbilled utility services, *Mize*, supra at 330, at least one jurisdiction has held that a customer can raise a defense of detrimental reliance when he is mistakenly undercharged by the utility. See *West Penn Power Co. v. Piatt*, 592 A2d 1306 (Pa. Super. 1991). For the reasons set forth above, we believe that that is the better approach.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 12, 2000.

*McArthur & McArthur, John J. McArthur, Charles E. Auslander III*, for appellants.
*Lambert & Roffman, M. Joseph Reitman, Jr.*, for appellee.