**CITY OF LAWRENCEVILLE,**
Plaintiff,

v.

**RICOH ELECTRONICS,**
**INCORPORATED,**
Defendant.

**Civil Action No. 1:03–CV–3057–TWT.**

United States District Court,
N.D. Georgia,
Atlanta Division.

March 4, 2005.

Anthony O.L. Powell, Webb, Tanner & Powell, Lawrenceville, GA, for Plaintiff.

Joseph Duane Wargo, Julie Christine Jared, Wargo & French, Atlanta, GA, for Defendant.

## ORDER

THRASH, District Judge.

This is a breach of contract action. It is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 33] and the Defendant's Motion for Summary Judgment [Doc. 38]. For the reasons set forth below, the Plaintiff's motion is DENIED, and the Defendant's motion is GRANTED.

## I. BACKGROUND

Defendant Ricoh Electronics, Inc. ("Ricoh") is a California corporation engaged in, among other things, the manufacture of thermal paper. Plaintiff City of Lawrenceville is the natural gas utility provider for Ricoh's thermal paper manufacturing plant in Lawrenceville, Georgia. Four natural gas meters were installed at the manufacturing facility. One of these gas meters was set to measure natural gas consumption in thousands of cubic feet. The other three measured in hundreds of cubic feet. From March 1996 through October 2002, the Plaintiff's Data Processing Department generated bills as if all four meters measured consumption in hundreds of cubic feet. During this period, the Plaintiff unwittingly billed Ricoh for only about one-tenth of the natural gas Ricoh consumed. In November 2002, after discovering this error, the Plaintiff announced that it had mistakenly underbilled Ricoh for the period from March 1996 through October 2002. The Plaintiff informed Ricoh that it owed $1,519,592.13 for unpaid services and taxes.

On September 10, 2003, the Plaintiff brought this action in the Superior Court of Gwinnett County. The Plaintiff asserted claims for breach of ordinance, quantum meruit, unjust enrichment, and attorney's fees. Ricoh removed the Plaintiff's action to this Court, where the Plaintiff and Ricoh have submitted cross-motions for summary judgment on the Plaintiff's claims.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant. *Adickes v. S.H. Kress and Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## III. DISCUSSION

█ The Plaintiff asserts a claim against Ricoh entitled "Breach of Ordi-

nance." (Compl.¶¶ 10–13). Within this claim, the Plaintiff alleges that Ricoh's "refusal to pay for the services provided by the City constitutes a violation of Defendant's obligations under its agreement with the City and its obligations under the ordinance." (*Id.* ¶ 12). Under Georgia law, no ordinance is valid unless it is adopted in compliance with the city charter. *See, e.g., Barnes v. Merritt*, 428 F.2d 284, 288 (5th Cir.1970)[1] (deeming custom, practice or official declaration insufficient to establish an ordinance); *Toomey v. Norwood Realty Co.*, 211 Ga. 814, 816–17, 89 S.E.2d 265 (1955). The Lawrenceville City Charter requires that an ordinance be adopted in accordance with rules established by the City Council. Lawrenceville, Ga., City Charter §§ 2.22, 2.29. The Plaintiff submits an amalgam of unsigned documents and records of minutes of City Council meetings to suggest that the City's natural gas rates are set by ordinance. These documents and records do not satisfy any of the requirements for a valid ordinance. The Plaintiff concedes as much in his response to Ricoh's motion when it acknowledges that it "merely entitled Count 1 of its Complaint 'Breach of Ordinance' to establish the appropriate statute of limitations...." (Pl.'s Memo. Resp. Def.'s Mot. Summ. J. at 16).

█ Ricoh contends, and this Court agrees, that the Plaintiff's claim is properly recast as a claim for indebtedness on an account. An account is an unsettled claim or demand by one person against another based upon a transaction creating a debtor and creditor relationship between the parties. *Harris v. Miller Brother's Farms, Inc.*, 161 Ga.App. 377, 378, 288 S.E.2d 639

---

**1.** In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

(1982). When parties to an account reach an agreement on the amount due, the account becomes stated and is binding on the parties. *Tate v. Gairdner,* 119 Ga. 133, 135, 46 S.E. 73 (1903); *Meredith v. Smith & Shiver,* 157 Ga.App. 522, 523, 277 S.E.2d 805 (1981); *Phillips v. Ableson,* 60 Ga.App. 558, 559, 4 S.E.2d 411 (1939). A debtor may express agreement with the creditor about the sum due by paying the amount charged. *Meredith,* 157 Ga.App. at 523, 277 S.E.2d 805; *Phillips,* 60 Ga.App. at 559, 4 S.E.2d 411. An account stated is presumed correct and conclusive between the parties regardless of the actual correct amount due. *Best Concrete Products Co. v. Medusa Corp.,* 157 Ga.App. 97, 100, 276 S.E.2d 147 (1981); *Phillips,* 60 Ga.App. at 559, 4 S.E.2d 411. The account stated is binding not only on the debtor party, but also on the party rendering the account. *Tate,* 119 Ga. at 135, 46 S.E. 73.

■ A party is bound by its statements of an account unless it shows that the account should be reformed based on a mistake. *Tate,* 119 Ga. at 135, 46 S.E. 73; *Phillips,* 60 Ga.App. at 559, 4 S.E.2d 411. Unless a plaintiff can state a claim in equity for reformation of the account on grounds of mistake, the plaintiff is entitled to no more than the amount of the account stated. The power in equity to relieve mistakes should be exercised with caution. *Thomaston v. Fort Wayne Pools, Inc.,* 181 Ga.App. 541, 542, 352 S.E.2d 794 (1987). Even if there is a unilateral mistake, a party may not seek reformation of an account or contract if reasonable diligence could have prevented the mistake. *Layfield v. Sanford,* 247 Ga. 92, 93, 274 S.E.2d 450 (1981); *Frame v. Hunter, Maclean, Exley & Dunn, P.C.,* 236 Ga.App. 226, 228, 511 S.E.2d 585 (1999). The Defendant contends that if the Plaintiff had exercised

reasonable care in reading or inspecting the meter, it could have avoided its billing mistake. The billing errors were not caused by any defect in the meter; rather, the Plaintiff's employees simply failed to read the meter properly. The Plaintiff provides no evidence suggesting that it employed reasonable care or argument concluding that due diligence would not have prevented its erroneous underbilling. Thus, this Court is compelled to conclude that the Plaintiff could have prevented the mistake through exercise of reasonable diligence and is thereby barred from seeking reformation of its account with Ricoh.

■ Where a mistake in a contract or account is unilateral, the contract or account may only be reformed where fraud or inequitable conduct by the other party induces the mistake. *Prince v. Friedman,* 202 Ga. 136, 138, 42 S.E.2d 434 (1947); *Fore v. Parnell–Martin Companies, Inc.,* 192 Ga.App. 851, 852, 386 S.E.2d 723 (1989). The Plaintiff presents no evidence suggesting that fraudulent conduct by Ricoh caused the Plaintiff's mistake. The Plaintiff's Rule 30(b)(6) representative testified that the meter misreading and billing error did not have "anything to do with something that Ricoh did or should have done," but was "solely related to the efforts made or efforts that were not made by the City of Lawrenceville." (Farmer Dep. at 58). Again, the Plaintiff presents no argument refuting this legal conclusion or evidence belying this factual assertion. Thus, as there is no evidence that fraudulent conduct by Ricoh contributed to the Plaintiff's billing error, the Plaintiff cannot obtain reformation of the account.

The Plaintiff limits its response to these arguments to a contention that Georgia law requires a customer who has been underbilled for natural gas to reimburse

the provider if the consumer had reason to know that it was being underbilled. In support of this purported doctrine, the Plaintiff cites the Supreme Court of Georgia's decision in *Brown v. Walton Elec. Membership Corp.*, 272 Ga. 453, 531 S.E.2d 712 (2000). In *Brown*, an electric utility corporation mistakenly underbilled a consumer for a period of over five years. The corporation sued the consumer for the correct billing amount, and the consumer raised accord and satisfaction, equitable estoppel, and statute of limitations defenses. *Brown*, 272 Ga. at 453, 531 S.E.2d 712. The Court of Appeals held that where an electric company mistakenly underbills its customer, the customer cannot assert affirmative defenses. *Brown*, 238 Ga.App. at 348, 518 S.E.2d 727 (citing *Habersham Elec. Membership Corp. v. Mize*, 211 Ga. App. 329, 330–31, 439 S.E.2d 26 (1993)). The Supreme Court reversed the Court of Appeals and expressly overruled the holding in *Mize:*

> Although *Mize* has been the law in this state for more than six years, we believe it is misguided and should be overruled. In our view, the purpose of the Georgia Territorial Electric Service Act, and, in particular, O.C.G.A. § 46–3–11(a), is to protect the public from possible fraud, corruption, and discrimination in rate charges. The legislature did not mean to prohibit a customer from asserting defenses against a supplier which undercharged the customer and then sued for its mistake. Nor did it intend to protect the supplier from the consequences of its own negligence. We hold, therefore, that a customer can assert accord and satisfaction, equitable estoppel, or statute of limitation defenses when an electric supplier sues to recover the correct billing amount. Our reasoning is plain:

> It is simply unjust to require an innocent customer to bear the entire cost of a supplier's mistake where, as here, there is no time limit on back billings. Armed with absolute immunity for an indefinite time, the supplier has little incentive to establish reasonable procedures to guarantee that its meters are properly calibrated or that its bills are computed accurately.

*Brown*, 272 Ga. at 454, 531 S.E.2d 712.

The Plaintiff interprets this holding as requiring a natural gas consumer to prove his "innocence" before asserting any defense to a suit to recover for underbilling. As an initial matter, the holdings in *Brown* and its predecessors are limited to *electric* utilities. The thrust of the overruled holdings is that underbilling for electric utilities violated the rate discrimination provisions of the Georgia Territorial Electric Service Act, O.C.G.A. § 46–3–1 *et seq.* Permitting defenses to suits to recover for underbilling for electric utilities would contravene the purpose of this statute. *See, e.g., Brown*, 238 Ga.App. at 348, 518 S.E.2d 727; *Mize*, 211 Ga.App. at 330–31, 439 S.E.2d 26. There is no such provision in Georgia law regarding natural gas rates, nor is there any case law suggesting that natural gas providers warrant greater protection than that afforded other vendors on their stated accounts.

More importantly, even if the narrow holding in *Brown* were applicable in the context of natural gas, the Plaintiff's interpretation of the holding is wholly untenable. No interpretation of the holding in *Brown*, no matter how strained, supports the judicial construction and imposition of an "innocent consumer" prerequisite to the assertion of any defense to a claim of underbilling.[2] Rather, the Supreme

---

**2.** Indeed, the phrase "innocent consumer" is used only in the context of the Court's reason-

Court's refusal to protect suppliers from the consequences of their negligence and its concern with providing suppliers incentive to maintain accurate billing systems suggest that the Court did not intend to create additional roadblocks to defending underbilling claims. The Supreme Court of Georgia did not limit the assertion of defenses to innocent consumers. Neither will this Court.

■ The Plaintiff neither identifies a genuine dispute as to material fact nor provides compelling legal argument as to why its account statement should not be binding. Ricoh is entitled to summary judgment on the Plaintiff's claim for indebtedness on the account.[3] In its Complaint, the Plaintiff also asserts claims for quantum meruit and unjust enrichment. (Compl. ¶¶ 14–19). The Plaintiff has failed to respond to the Defendant's motion for summary judgment as to these claims. Failure to respond indicates that there is no opposition to the motion. L.R. 7.1(B); *see also McKenna v. Clayton County,* 657 F.Supp. 221, 226 (N.D.Ga.1987). Accordingly, the Court will deem these claims to be abandoned.

The Plaintiff also seeks to recover attorneys' fees under O.C.G.A. § 13–6–11. To recover attorneys' fees, a plaintiff must demonstrate that the defendant "has acted in bad faith in making the contract, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense." O.C.G.A. § 13–6–11. Where a bona fide controversy exists between the

parties, a plaintiff is not entitled to recover attorneys' fees under O.C.G.A. § 13–6–11. *Gaston v. Mullins,* 168 Ga.App. 371, 372, 309 S.E.2d 166 (1983); *Georgia–Carolina Brick & Tile Co. v. Brown,* 153 Ga.App. 747, 751, 266 S.E.2d 531 (1980) (prohibiting attorneys' fees for mere refusal to pay). As the Plaintiff's claim fails on the merits and the Plaintiff asserts no other allegations of bad faith or wrongdoing, the Plaintiff is precluded from recovering attorneys' fees under O.C.G.A. § 13–6–11.

## IV. *CONCLUSION*

For the reasons set forth above, the Plaintiff's Motion for Summary Judgment [Doc. 33] is DENIED, and the Defendant's Motion for Summary Judgment [Doc. 38] is GRANTED.

---

ing supporting its holding. *Brown,* 272 Ga. at 454, 531 S.E.2d 712. The language of the holding does not limit the Court's edict to innocent consumers, but rather states "a consumer" and thereby contemplates any consumer. *Id.* Had the Court intended to limit the holding to "innocent consumers," it could have expressly held that "an innocent con-

sumer can assert" defenses. Instead, the Court held that "a consumer" may do so. *Id.*

3. As this Court grants summary judgment on this claim to Ricoh, this Court need not reach Ricoh's additional challenges based on the attendant statute of limitations.