62382. SONI et al. v. COPPEDGE.

SOGNIER, Judge.

Coppedge filed suit against the Sonis, husband and wife, for attorney fees and expenses incurred in the handling of a tort claim for them against J. C. Penny; the suit was settled prior to trial. Coppedge also sought attorney fees for the instant action.

The Sonis answered, denying they had agreed to a settlement, and further claiming that the expenses incurred prior to trial were to be paid by Coppedge. The contract between the parties provided for a percentage contingent fee to be paid out of the settlement with J. C. Penny, but was silent as to any expenses incurred.

Coppedge moved for summary judgment; his supporting affidavits showed that there was a settlement agreement approved by the Sonis and that the expenses were to be paid by the Sonis. The Sonis filed no contrary affidavits and failed to appear at the hearing on the motion for summary judgment. The trial court granted Coppedge's motion for summary judgment, awarding judgment for the initial attorney fees and expenses incurred prior to settlement. The award also granted attorney fees for the instant action. The

Sonis contend the trial court erred by granting summary judgment for an amount which included expenses for the prior suit, and attorney fees for the instant action.

1. Upon a motion for summary judgment, if the defenses set up in an answer are pierced by the plaintiff's affidavits and the defendant fails to respond with specific facts showing a genuine issue for trial, summary judgment is properly granted. Code Ann. § 81A-156 (e); *Cooper v. Public Finance Corp.,* 146 Ga. App. 250, 255 (246 SE2d 684) (1978). Appellee's affidavit in the instant case was sufficient to pierce appellant's pleading. Hence, judgment in the amount of $1,002.76 for the prior suit was correct.

2. An attorney cannot recover for professional services without proof of their value, *Price v. Mitchell,* 154 Ga. App 523, 526 (6) (268 SE2d 743) (1980), and we find no evidence in the record concerning attorney fees in the instant action. Thus, it was improper to include such fees, in the amount of $400, in the grant of summary judgment.

3. Appellee's motion to dismiss the appeal on the ground that it is frivolous and for the purpose of delay only, together with a request for award of attorney fees by this court, is denied.

*Judgment affirmed as to the grant of summary judgment for attorney fees and costs in the initial case. Judgment reversed as to the award of attorney fees in the instant case. Shulman, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 9, 1981.

*Ted Price,* for appellants.
*Walter L. Coppedge,* for appellee.