## 62552. KAY SOLAR SYSTEMS, INC. v. ROME PRINTING COMPANY.

SOGNIER, Judge.

Rome Printing Company (Rome Printing) sued Kay Solar Systems, Inc. (Kay) on an open account for printing services. Kay denied any indebtedness and counterclaimed against Rome Printing because of an alleged overpayment made on the account with Kay. The trial court directed a verdict against Kay on the counterclaim and the jury returned a verdict in favor of Rome Printing on the

indebtedness. Kay appeals.

1. Appellant contends that the trial court erred in ruling that the suit was one on an open account rather than one on quantum meruit based upon an implied promise to pay the reasonable value of services performed. Appellant argues that no price had been agreed upon and the contract was, therefore, too indefinite to be enforceable. We do not agree.

The evidence at trial disclosed that Kay entered into an agreement with Rome Printing for services to be performed. Kay accepted the product of those services without objection and was billed accordingly. When no payment on the account was forthcoming, the presidents of Kay and Rome Printing met to discuss the amount owing on the account, $8,356.65. The president of Rome Printing testified that Kay's president and he adjusted the bill to reflect some credits, that he (Rome Printing's president) initialed the adjustments, and that appellant stated "Your bill will be taken care of within the next few days." The president of Kay admitted at trial that he agreed to make payment on the bill, but that he thought the charges were excessive. He subsequently sent payment for approximately half the amount of the total bill ($4,064.22), and refused to pay the balance.

"There was evidence that the open account sued upon had become an account stated . . .

"An account stated is an agreement by which persons who have had previous transactions with each other fix the amount due in respect to such transactions and the one indebted promises payment of the balance. [Cits.] In the absence of fraud or mistake an account stated is conclusive upon the parties. [Cits.]

"In order to convert an open account into an account stated, an oral agreement as to the amount and an oral promise to pay are sufficient. [Cits.] . . . an account may become stated even without express agreement." Lawson v. Dixie Feed &c. Co., 112 Ga. App. 562, 563 (2) (145 SE2d 820) (1965).

If an account is rendered to the debtor and he fails to object to it a jury may be authorized to infer that the failure of the debtor to raise an objection was an implied agreement that the account was correct. Best Concrete Products Co. v. Medusa Corp., 157 Ga. App. 97, 99 (276 SE2d 147) (1981); Lawson, supra., p. 564. The trial court correctly viewed the case as one involving an open account and not one involving quantum meruit. In addition, the evidence was sufficient to authorize the jury's finding that the stated amount was due on the account.

2. Appellant contends that the trial court erred in granting appellee's motion for directed verdict on appellant's counterclaim for

amounts he allegedly overpaid. Appellant admitted that he made a payment on the account after accepting the product of appellee's services, after discussing the amount owed with appellee, and after agreeing to make payment on the account. We agree with the trial court that under the circumstances, the payment made was a voluntary payment and could not be recovered back by appellant by way of counterclaim. Code Ann. § 20-1007; *Crawford v. Gulf States &c. Co.,* 153 Ga. App. 393, 394 (265 SE2d 327) (1980).

3. Appellant's remaining enumerations of error relate to evidentiary matters regarding the reasonable value of appellee's services. In view of our decision in Division 1 of this opinion, we find the remaining enumerations of error are without merit.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 7, 1982.

*James A. Robbins, Jr.,* for appellant.
*Robert L. Berry,* for appellee.