A89A0958. FORE v. PARNELL-MARTIN COMPANIES, INC.

(386 SE2d 723)

McMurray, Presiding Judge.

The Parnell-Martin Companies, Inc. (plaintiff) brought an action against Kenneth O. Fore (defendant) and alleged that defendant was indebted to it as the guarantor of an open account for plumbing equipment and supplies furnished to Peachstate Contractors, Inc. ("Peachstate") by plaintiff. It was further alleged that defendant Fore was president of Peachstate. Defendant answered and denied the material allegations of the complaint. The case was tried before the court without a jury and the evidence showed that defendant executed a general guaranty on February 9, 1987, insuring the payment "of all obligations. . . ." of Peachstate to plaintiff. The evidence also showed that Peachstate is indebted to plaintiff in the principal sum of $13,150.32; that plaintiff requested payment from defendant under

the terms of the guaranty; that defendant has failed to pay the debt and that the account remains unpaid. Whereupon, the trial court entered a judgment in plaintiff's favor for the total amount of principal, interest and attorney fees due under the guaranty contract. This appeal followed the denial of defendant's motion of new trial. *Held*:

1. In his first enumeration, defendant contends "[t]he trial court erred in sustaining a judgment against [him] individually, and in denying [his] Motion for New Trial on the basis of unilateral mistake and other special circumstances which include the prior practice and custom of the parties regarding an earlier personal guaranty." More specifically, defendant contends that he should be relieved of liability under the guaranty agreement because at the time he executed the contract he was under the mistaken belief that it was a limited guaranty agreement, not a general guaranty covering Peachstate's entire account with plaintiff. Defendant relies on evidence showing that he did not read the guaranty contract before he executed it because he assumed the contract was the same type of limited guaranty agreement he had given plaintiff on behalf of Peachstate in a prior business transaction.

" 'It is the duty of contracting parties to inform themselves with reference to the subject matter about which they desire to contract; if they fail to do so and a mistake is made owing to their own ignorance and failure to inform themselves, then any injury results from their own conduct. (Cit.)' *Gulden v. Newberry Wrecker Service*, 154 Ga. App. 130, 132 (267 SE2d 763) (1980). 'Relief is not available on the basis of a unilateral mistake in the absence of fraud or inequitable conduct or other special circumstances. (Cit.)' *Sellers v. ALCO Finance*, 130 Ga. App. 769, 770 (4) (204 SE2d 478) (1974)." *Sepulvado v. Daniels Lincoln-Mercury*, 170 Ga. App. 109, 110 (3) (316 SE2d 554).

In the case sub judice, there is no question that the general guaranty agreement was unambiguous and explicit as to the material terms of the contract at the time defendant executed it. Further, the record indicates that defendant is able to read; that he was not prevented from reading the language of the guaranty contract; that defendant is a college graduate and an experienced businessman and that defendant was aware of the consequences of executing a guaranty agreement on behalf of a third party. This evidence was more than sufficient to authorize the trial court's finding that defendant's alleged "unilateral mistake" was not the result of fraud, inequitable conduct or "other special circumstances," but that it was the result of defendant's own lack of diligence in examining the guaranty contract. See *McCullough v. Kirby*, 204 Ga. 738, 744 (5) (51 SE2d 812). Consequently, the trial court did not err in entering judgment against defendant on the guaranty agreement and denying defendant's motion

for new trial.

2. Next, defendant contends "[t]he trial court erred in entering a judgment against [him] individually, and in denying [his] Motion for New Trial on the basis that the guaranty was blank when executed, and that the subsequent completion of the guaranty did not exemplify the true and correct intentions of the parties."

The record indicates that the general guaranty agreement is a form document and that the only pertinent portions of the document which were allegedly not completed when defendant executed it were blanks describing plaintiff as "the 'Secured Party' " and Peachstate as "the 'Debtor.' " The portion of the contract which described the liability of the guarantor clearly and explicitly bound defendant for "all obligations of the Debtor to the Secured Party . . . ." Consequently, since there is no question that defendant executed the guaranty contract as the guarantor of Peachstate to plaintiff and since there were no other material alterations of the guaranty contract after defendant executed the document, the trial court did not err in denying defendant's motion for new trial on this ground. However, even assuming the terms of defendant's liability as guarantor were set out in the form guaranty agreement after defendant executed the document, the trial court did not err in determining that defendant was bound by the terms of the contract. "If a writing is signed with blanks left to be filled in by the other party, the person signing is bound by it. *State Hwy. Dept. v. Raines*, 129 Ga. App. 123 (199 SE2d 96) (1973)." *Butts v. Atlanta Fed. Savings &c. Assn.*, 152 Ga. App. 40, 42 (262 SE2d 230).

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 20, 1989.

*Maddox, Starnes & Nix, John A. Nix, Jean C. McRae*, for appellant.

*J. Wayne Pierce*, for appellee.