A96A0192. CROWN FORD, INC. v. CRAWFORD.
(473 SE2d 554)

BEASLEY, Chief Judge.
Tonya Crawford sued Crown Ford, Inc. ("Crown"), claiming the car dealer defrauded her and violated the Georgia Fair Business Practices Act ("FBPA"), OCGA § 10-1-390 et seq., by selling her a car that had been driven over 20,000 miles but which Crown misrepresented as having only 4,156 miles. She claims she learned of the discrepancy only after the car broke down and the manufacturer informed her the warranty had expired. Crawford claims compensatory damages, including costs of rental, repair, and the cost of the manufacturer's warranty she "was led to believe she had." She also seeks punitive damages. The trial court granted summary judgment in her favor as to "liability only" on both her fraud and FBPA claims, leaving the question of damages for a jury. We affirm the grant of

summary judgment.

Crawford established without dispute that she purchased a used 1992 Hyundai Excel from Crown on June 10, 1994. When she purchased it, Crown furnished her an "odometer disclosure form" reflecting an odometer reading of 4,172 miles. This form bore the warning, "Federal law (and State law, if applicable) requires that you state the mileage upon transfer of ownership. Failure to complete or providing [sic] a false statement may result in fines and/or imprisonment." Although the form contained a box which could be checked to indicate the odometer did not reflect the car's actual miles, that box was left empty. She also received a purchase order showing this 1992 Hyundai Excel had 4,172 miles.

After giving Crawford materials indicating the Hyundai's odometer read 4,156 miles without discrepancy, Crown checked the box showing a mileage discrepancy and forwarded the form to the appropriate state agency. Crawford denies she was ever informed of any mileage discrepancy.

Crown purchased this car from a Ms. Brown on April 14, 1994. In its answer, the dealer admitted that the car's odometer had been replaced by Ed Voyles Hyundai on November 10, 1993. Crawford presented another "odometer disclosure form" covering this same car, dated April 16, 1994 and signed by a Mr. Douglas and someone on behalf of Crown, listing Crown Ford as the transferee. This disclosure form shows the vehicle's odometer reading as 20,387 miles. Crown admitted this particular document "appears to be" an odometer disclosure statement signed by Mr. Douglas.

Crown responded to Crawford's motion for summary judgment by supplying the affidavits of its president and used car manager. These witnesses stated that Crown has policies to comply with state regulations regarding odometer disclosures and has "no policies to make intentionally false statements about mileage or odometer readings to its customers," and that any problem with the odometer statement would have resulted from "clerical or typographical error or mistake." These witnesses also opined that a 1992 Hyundai with 20,000 miles would be worth, at most, $1,000 less than a 1992 Hyundai with 4,000 miles.

"There is no such thing as a 'default summary judgment.'" *McGivern v. First Capital Income Props.*, 188 Ga. App. 716, 717 (1) (373 SE2d 817) (1988). To affirm a grant of summary judgment, it must affirmatively appear from the record that no question of material fact exists and the moving party is entitled to judgment as a matter of law. Id. Crawford is entitled to summary judgment in this case only if she pierced the defenses set up in Crown's answer and Crown failed to respond with specific facts showing a genuine issue for trial. *Soni v. Coppedge*, 159 Ga. App. 889, 890 (1) (285 SE2d 604) (1981). In

making this determination, we review only those parts of the record available to the trial court. *Medley v. Boomershine Pontiac-GMC Truck*, 214 Ga. App. 795, 796 (1) (449 SE2d 128) (1994).

1. The trial court did not err by granting summary judgment on the Fair Business Practices Act claim. A dealer's sale of a used car with an odometer reflecting less than actual mileage is an act which falls within the ambit of the FBPA because it takes place "within the context of the consumer marketplace." (Citation and punctuation omitted.) *Regency Nissan v. Taylor*, 194 Ga. App. 645, 646 (2) (391 SE2d 467) (1990). See *Paces Ferry Dodge v. Thomas*, 174 Ga. App. 642, 643 (2) (331 SE2d 4) (1985) (sale of new car with defect); *Attaway v. Tom's Auto Sales*, 144 Ga. App. 813 (242 SE2d 740) (1978) (seller represented mileage shown on altered odometer as actual mileage). "[A] single instance of an unfair or deceptive act or practice is a sufficient predicate upon which to base a claim for damages . . . if the public consumer interest would be served thereby. . . ." *Zeeman v. Black*, 156 Ga. App. 82, 86 (273 SE2d 910) (1980). Where available, the FBPA's remedies are cumulative of other available causes of action. *Attaway*, supra at 815; OCGA § 40-8-5 (g) (1) (penalties of odometer alteration law are "in addition to any other penalty provided by law").

"A private FBPA claim has three essential elements: a violation of the act, causation, and injury. [Cit.]" *Taylor*, supra at 647 (2). A violation of the act requires no knowledge of the deception or intent to deceive. Id. Crawford proved a violation by showing that "before [this car was] sold in the consumer marketplace, [Crown was] placed on *reasonable* notice [of the odometer discrepancy] and thereafter in blatant disregard of the rights of innocent purchasers fail[ed] to take *reasonable* measures to ascertain the true state of facts concerning [the car's actual mileage] before consummating the sale." (Emphasis in original.) Id. at 648.

The evidence showed without question of material fact that Crown violated the FBPA because it had ample reason to know it had misrepresented to Crawford the actual mileage on the Hyundai. It purchased the vehicle used and did not deny receiving an odometer disclosure statement, signed by its employee, indicating the vehicle had been driven in excess of 20,000 miles. Although Crown furnished Crawford an odometer disclosure statement and purchase order showing the vehicle's mileage as 4,172, it informed the State of Georgia that this mileage figure was inaccurate.

In its defense, Crown contends only that it did not "intentionally" deceive Ms. Crawford and argues the FBPA does not apply to this transaction. Under these circumstances, Crawford has pierced Crown's defense and has shown a violation; Crown has not responded with specific facts showing an issue for trial on this element of the

FBPA claim. See *Soni*, supra at 890.

With regard to the remaining elements of this claim, causation and injury, Crawford stated in her verified complaint that, in reliance on the incorrect odometer disclosure statement, she purchased a vehicle worth less than she paid. Although justifiable reliance is an essential element of an FBPA claim, *Zeeman*, supra at 87, Crown has raised no specific facts showing Crawford did not rely on its representations. *Soni*, supra. Compare *Thomas*, supra at 643-644, in which we held the question of a consumer's diligence to be for a jury; see also *Reilly v. Mosley*, 165 Ga. App. 479, 480-481 (301 SE2d 649) (1983). Crown contends the evidence shows no injury but admits the difference in value between the Hyundai it promised and the Hyundai Crawford received might be as much as $1,000. The trial court committed no error by granting summary judgment on these elements of the claim, leaving the question of damages for a jury.

2. In connection with its claim of "no injury," Crown contends it made a $1,000 offer of settlement pursuant to OCGA § 10-1-399 (b) and argues that offer cuts off Crawford's cause of action. The statute reads: "Any person receiving [a claim for damage caused by a deceptive practice] who, within 30 days of the delivering of the demand for relief, makes a written tender of settlement which is rejected by the claimant may, in any subsequent action, file the written tender and an affidavit concerning this rejection and thereby *limit any recovery to the relief tendered if the court finds that the relief tendered was reasonable in relation to the injury suffered* by [the claimant]." (Emphasis supplied.) As the plain language of the statute indicates, such a tender may limit the amount of damages recoverable but does not deprive Crawford of her cause of action. Because the trial court did not grant Crawford summary judgment on the issue of damages, and because Crown neither requested the trial court to rule on the sufficiency of its alleged tender nor filed an appeal from the trial court's failure to do so, questions concerning this letter are not properly before us. See *Nat. Equip. &c. v. Hamrick Mfg. & Svcs.*, 186 Ga. App. 400, 401 (367 SE2d 287) (1988).

3. Crown asserts jury issues remain as to whether it defrauded Crawford. After reviewing fully the record before us, we disagree. Her claim for fraud requires her to prove: 1) Crown falsely represented the vehicle's actual mileage; 2) Crown made this representation knowing it was false; 3) by making this representation, Crown intended to induce her to purchase the vehicle; 4) she justifiably relied on the representation and purchased the car; and 5) Crown's actions proximately caused her damage. *Pecora v. First Bank of Ga.*, 217 Ga. App. 190, 191 (1) (457 SE2d 200) (1995). A defrauded plaintiff may elect whether to rescind her contract or affirm it and sue for damages. *Bill Spreen Toyota v. Jenquin*, 163 Ga. App. 855, 856 (1)

(294 SE2d 533) (1982).

No issue of fact remains as to whether Crown defrauded Crawford. As discussed in Division 1, the evidence shows without question of material fact that Crown, having knowledge of the actual mileage on this Hyundai, misrepresented that mileage to Crawford, and that she relied on Crown's representation to her injury. The only remaining issue, therefore, is whether Crown through its personnel intended to deceive Crawford.

"Intent, which is a mental attitude, is commonly detectible only inferentially, and the law accommodates this. [Cit.]" *Branam v. State*, 204 Ga. App. 205, 206 (1) (419 SE2d 86) (1992). "Rarely, if ever, can a fraudulent intent be shown by direct proof. . . ." *Bucher v. Murray*, 212 Ga. 259, 260 (3) (91 SE2d 610) (1956). Crawford presented evidence of circumstances surrounding her receipt of the erroneous documents which create an inference that Crown intended to deceive her. Crown was thus required to come forward with specific facts creating a jury issue on the matter of intent. *Soni*, supra.

Crown submitted no affidavit of the salespersons who dealt with Crawford nor any explanation for this void. Although Crown's corporate representatives filed affidavits denying any intentional deception, those affidavits do not show, and it does not appear from the record, that either one was based on the witnesses' personal knowledge as to this issue. The witnesses' statements that this deception occurred through "clerical or typographical error or mistake" are mere suppositions without any factual basis. See *Sullivan v. Fabe*, 198 Ga. App. 824, 826 (1) (403 SE2d 208) (1991). They do not allow an inference of innocence contrary to the inference of fraudulent intent which is based on the facts shown by Crawford. This being a civil case, she must only show intent by a preponderance of the evidence. The purported evidence submitted by Crown does not create an issue of fact as to the element of intent.

It is true that in ruling upon a motion for summary judgment, the court must construe all reasonable inferences in favor of the non-movant. Here, however, "[o]ur search of this record discloses no specific fact other than general arguments that may lead to inferences [favorable to Crown]." *Booker v. Eddins*, 183 Ga. App. 449, 452 (359 SE2d 211) (1987). Crown's failure to present specific evidence creating an issue for trial brings this case within the limited scope of those "plain and palpable cases" in which the issue of scienter may be decided by the court as a matter of law. *Brown v. Techdata Corp.*, 238 Ga. 622, 625 (234 SE2d 787) (1977).

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED JUNE 26, 1996 —

*Rolader & Rolader, Donald A. Rolader, Lisa G. Shippel*, for appellant.
*Jeffrey M. Fishman*, for appellee.