## A96A1924. RAMIREZ v. GOLDEN et al.
### (478 SE2d 430)

Judge Harold R. Banke.

The trial court granted summary judgment in favor of Randall F. Golden and Brenda D. Golden (collectively "Golden") on their suit on a promissory note unconditionally guaranteed by Sonny M. Ramirez. Ramirez challenges that disposition.

The material facts of this action are undisputed. A corporation, 12 Savannah Restaurant, Inc. ("12 Savannah"), purchased an existing restaurant business from Golden. At the closing, 12 Savannah executed a promissory note in favor of Golden in the amount of $225,000 as part of the purchase price. Ramirez, a corporate officer of 12 Savannah, executed an unconditional guaranty of payment and performance obligating only himself to personally pay the indebtedness of 12 Savannah on that promissory note in the event of default. Ramirez agreed that the provisions of the guaranty were applicable to "all renewals, amendments, extensions, consolidations, and modifications of the loan documents."[1] He also agreed that no action taken by Golden, "nor any course of dealing with Borrower [12 Savannah] or any other person, shall release Guarantor's obligations hereunder, affect this Guaranty in any way or afford Guarantor any recourse against Lender [Golden]." In addition to consenting to several waiver clauses, Ramirez agreed to forego "any legal or equitable defenses whatsoever to which Guarantor might otherwise be entitled."

The closing documents included a non-compete clause whereby

---

[1] The memorandum of sale provided that all documents executed at closing would be considered "one contract" and enforced as such.

Golden agreed for a ten-year period to not directly or indirectly "engage in, invest in, or otherwise be connected with the restaurant business" in Coweta County. This covenant specifically authorized its amendment provided that "Seller [Golden] obtains the prior written consent of Buyer [12 Savannah]."

About two years later, Ramirez sold his entire interest in 12 Savannah to the other corporate shareholders. Approximately one year after Ramirez disposed of his ownership, 12 Savannah and Golden modified the original agreement. 12 Savannah agreed to release Golden from the non-compete clause with a few restrictions not germane here, in exchange for obtaining more favorable payment terms. Although Ramirez did not sign the release, it is undisputed that his consent was not required to amend the non-compete agreement.

In the latter part of 1994, Golden began to operate a restaurant known as "Goldens on the Square" located about four blocks from 12 Savannah Restaurant. Several months later, 12 Savannah filed for bankruptcy. After the restaurant defaulted on its payments and after making an unsuccessful demand for payment, Golden filed suit against Ramirez to recover on the unconditional personal guaranty. The trial court granted summary judgment to Golden and awarded Golden the unpaid principal and interest, attorney fees, plus costs. *Held*:

Where defenses to summary judgment are pierced and a defendant fails to respond with specific facts showing genuine issues of material fact remaining for trial, summary judgment is properly granted. *Soni v. Coppedge*, 159 Ga. App. 889, 890 (1) (285 SE2d 604) (1981).

Ramirez contends that the trial court erred in granting summary judgment by failing to properly consider his statutory defenses under OCGA §§ 10-7-21; 10-7-22. OCGA § 10-7-21 provides that "Any change in the nature or terms of a contract is called a 'novation'; such novation, without the consent of the surety, discharges him." OCGA § 10-7-22 provides that "Any act of the creditor . . . which injures the surety or increases his risk or exposes him to greater liability shall discharge him." Claiming that the release constituted a novation and also that the release materially and detrimentally increased his risk, Ramirez asserts both statutory grounds as discharging his obligation as guarantor. OCGA §§ 10-7-21; 10-7-22. Ramirez contends that he would never have signed the guaranty if he had known that Golden could be released without his consent while he was still liable on the note.

The unconditional guaranty agreement at issue here is unambiguous, explicit, and unconditional as to its material terms. See *Fore v. Parnell-Martin Cos.*, 192 Ga. App. 851, 852 (1) (386 SE2d 723) (1989).

Notwithstanding Ramirez's argument to the contrary, a guarantor may consent in advance to a course of conduct which would otherwise result in his discharge. *Baby Days v. Bank of Adairsville*, 218 Ga. App. 752, 755 (3) (463 SE2d 171) (1995). This includes waiving defenses which otherwise would be available to a guarantor. See *Jones v. Dixie O'Brien &c. Corp.*, 174 Ga. App. 67, 68 (1) (329 SE2d 256) (1985). Specifically, the protection afforded by OCGA §§ 10-7-21 and 10-7-22 can be waived in advance at the time a guarantor signs the instrument. *Underwood v. Nationsbanc Real Estate Svc.*, 221 Ga. App. 351, 353 (471 SE2d 291) (1996).

Here, the closing documents contemplated that the covenant not to compete could be amended contingent on Golden's obtaining 12 Savannah's prior written consent. Whether Ramirez realized that the covenant was susceptible to subsequent modification is immaterial. By signing the instrument, Ramirez bound himself to the guaranty's terms which permitted amendment and modification without altering his underlying obligation. Moreover, when Ramirez signed the unconditional guaranty, he expressly waived and agreed not to assert or take advantage of "any other legal or equitable defenses whatsoever to which Guarantor might otherwise be entitled." By assenting in advance to a waiver of all legal and equitable defenses, Ramirez is foreclosed from asserting that he was discharged under OCGA § 10-7-21 or § 10-7-22. *Underwood*, 221 Ga. App. at 353; *Panasonic Indus. Co. v. Hall*, 197 Ga. App. 860, 861 (1) (399 SE2d 733) (1990); *Griswold v. Whetsell*, 157 Ga. App. 800, 803 (3) (278 SE2d 753) (1981).

Having successfully pierced Ramirez's defenses, and in the absence of any disputed material issues of fact, Golden was entitled to summary judgment as a matter of law. *Soni*, 159 Ga. App. at 890 (1); OCGA § 9-11-56 (c).

*Judgment affirmed. Johnson and Ruffin, JJ., concur.*

DECIDED NOVEMBER 19, 1996.

*Wood, Odom & Edge, Gus L. Wood III*, for appellant.
*Rosenzweig, Jones & MacNabb, Joseph P. MacNabb*, for appellees.