A98A1677. LEWIS et al. v. LEASE ATLANTA, INC.
(508 SE2d 188)

Judge Harold R. Banke.

Lease Atlanta, Inc. ("Lease Atlanta") sued George Williams Lewis and his guarantor, Veda F. Lewis (collectively "Lewis"), for breach of a vehicle lease agreement. In three enumerations of error, Lewis appeals the trial court's order granting Lease Atlanta's motion for summary judgment.

Under the lease agreement's terms, Lewis promised to make 42

---

monthly installment payments on a day certain each month, totaling $19,764.78. The record shows that after Lewis failed to make payments for three consecutive months, Lease Atlanta repossessed the car, sold it, and brought this action to obtain the balance owed, late fees and attorney fees.

Lease Atlanta then moved for summary judgment, providing the executed lease agreement, a record of Lewis' payment history, and an affidavit from Lease Atlanta's manager which provided the proper foundation for those documents and attested to the events after repossession, including damages. Lewis responded with a brief in opposition. The brief was not verified, and no affidavits were attached. It contained no evidence. The trial court based its grant of summary judgment on a finding that Lewis "failed to file any supporting affidavits." *Held*:

The trial court properly entered summary judgment against Lewis, who rested on mere allegations and failed to provide any evidence countering Lease Atlanta's proof. OCGA § 9-11-56 (e). "Allegations, conclusory facts, and conclusions of law cannot be utilized to support or defeat motions for summary judgment. [Cits.]" *Peterson v. Midas Realty Corp.*, 160 Ga. App. 333, 335 (287 SE2d 61) (1981).

Here, Lease Atlanta affirmatively demonstrated that Lewis failed to make his lease payments for three months and the precise amount of damages. The lease defined default as the failure to make any payment when due and provided for immediate repossession without notice in the event of default. On default, Lewis agreed to pay, among other things, all unpaid amounts due under the lease, all remaining monthly payments due after the date of termination, and all collection expenses. This proof affirmatively established that no question of material fact existed and that Lease Atlanta was entitled to summary judgment. *Crown Ford, Inc. v. Crawford*, 221 Ga. App. 881, 882 (473 SE2d 554) (1996). The motion also pierced the defenses pleaded in Lewis' answer, offering the lease to establish its lack of ambiguity, and refuting Lewis' claims of waiver, estoppel, and accord and satisfaction. Id. Lewis failed to respond with any facts showing a genuine issue for trial. In these circumstances, summary judgment was required. Id.; compare *SPS Indus. v. Atlantic Steel Co.*, 186 Ga. App. 94, 99 (3) (366 SE2d 410) (1988).

Lewis' failure to present any evidence demonstrating that the lack of verification on his brief was a mere clerical error precludes a finding that the trial court's refusal to consider the unverified brief as evidence constituted an abuse of discretion. See *Carter v. Myers*, 204 Ga. App. 498, 500 (2) (419 SE2d 747) (1992) (refusal to consider improperly supported evidence opposing summary judgment motion not error); see also *Mazdak Auto &c. v. Midcontinental Group*, 231 Ga. App. 859 (501 SE2d 44) (1998) (no abuse of discretion to refuse to

consider evidence opposing summary judgment which failed to comply with the procedural requisites of OCGA § 9-11-56).

Lewis contends that the lease agreement was actually a security interest triggering OCGA § 10-1-36's notice requirements, which Lease Atlanta failed to satisfy. However, because Lewis was not bound to renew the lease or become the owner of the vehicle and the residual purchase option price was not nominal or even unreasonably low, we must reject this contention. OCGA § 11-1-201 (37); see *Mejia v. C & S Bank*, 175 Ga. App. 80, 81-82 (332 SE2d 170) (1985). The remaining arguments need not be addressed in light of Lewis' failure to offer any admissible evidence in opposition to Lease Atlanta's motion.

*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED OCTOBER 21, 1998.

*Douglas J. Davis*, for appellants.
*Frederick J. Hanna & Associates, Frederick J. Hanna, Elizabeth C. Whealler, Jerry C. Tootle, Jr.*, for appellee.