[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 31, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-11691

_____

D. C. Docket No. 03-03057-CV-TWT-1

CITY OF LAWRENCEVILLE,

Plaintiff-Appellant,

versus

RICOH ELECTRONICS, INCORPORATED,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(March 31, 2006)**

Before CARNES, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant City of Lawrenceville ("Lawrenceville") appeals the

district court's order granting summary judgment to Defendant-Appellee Ricoh

Electronics, Inc. ("Ricoh") and denying summary judgment to Lawrenceville on Lawrenceville's claims for "breach of ordinance" and attorneys' fees.[1] Lawrenceville further appeals the district court's denial of a motion to compel discovery, while Ricoh moves for sanctions against Lawrenceville. We affirm the judgment of the district court on the motions for summary judgment and to compel, but deny the motion for sanctions on appeal.

## I. BACKGROUND

Lawrenceville provides natural gas service to Ricoh, a manufacturer of thermal paper. Between 1990 and 1998, Lawrenceville installed four gas meters at Ricoh's facility. Although Lawrenceville apparently believed that all four meters measured gas consumption in hundreds of cubic feet, one of the meters (the "thermal" meter installed in 1996) actually measured gas consumption in thousands of cubic feet. As a result, from March of 1996 through October of 2002 Lawrenceville billed Ricoh for only about one-tenth of the gas Ricoh actually consumed through the thermal meter during that period. During an inspection of the thermal meter late in 2002, Lawrenceville realized its error and notified Ricoh that approximately $1.5 million in backpayments and taxes was due and owing. When Ricoh did not pay, Lawrenceville filed suit in Georgia state court, and Ricoh

[1] Lawrenceville does not challenge the grant of summary judgment with respect to its quantum meruit and unjust enrichment claims.

2

removed to federal district court on diversity grounds. The parties filed cross-motions for summary judgment.

The district court denied summary judgment to Lawrenceville and granted summary judgment to Ricoh. *See City of Lawrenceville v. Ricoh Elecs., Inc.*, 370 F. Supp. 2d 1328 (N.D. Ga. 2005). Lawrenceville's "breach of ordinance" claim alleged that the applicable utility rate was set by ordinance, and that Ricoh's refusal to pay was "a violation of [Ricoh's] obligations under its agreement with [Lawrenceville] and its obligations under the ordinance." The district court, however, found that Lawrenceville had not submitted evidence of a valid ordinance on the matter. Instead, the court agreed with Ricoh that Lawrenceville's breach of ordinance claim should be recast as one for indebtedness on an account. This account was stated and binding on the parties, the court explained, because the bills in question had already been sent and paid. To reform the account based on a unilateral mistake, the court held, Lawrenceville had to show that reasonable diligence would not have prevented the erroneous underbilling–and Lawrenceville presented no such evidence. Nor, the court found, did Lawrenceville present evidence that fraud or inequitable conduct by Ricoh had caused Lawrenceville's error. The district court further rejected Lawrenceville's reliance upon several cases involving electric utilities that had underbilled their customers and later sued

3

to recover additional payments. Finally, the district court denied Lawrenceville's request for attorneys' fees, because Lawrenceville's claims failed on the merits and there were no pertinent allegations of bad faith or wrongdoing.

On appeal, Lawrenceville contends that the district court's employment of an account stated analysis was error, the electric utility cases are applicable, the district court erred in denying a motion to compel discovery, and Lawrenceville should have been awarded attorneys' fees. Ricoh defends the judgment of the district court and moves for sanctions on appeal, claiming that Lawrenceville has made numerous, flagrant misrepresentations in its briefing.

## II. STANDARD OF REVIEW

We review a grant of summary judgment de novo, "viewing the facts and drawing all reasonable inferences in favor of the nonmoving party." *Rowell v. BellSouth Corp.*, 433 F.3d 794, 798 (11th Cir. 2005). Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "If the judgment entered is correct, we may affirm the district court on any legal grounds regardless of the grounds addressed, adopted or rejected by the district court." *Novak v. Irwin Yacht and Marine Corp.*, 986 F.2d 468, 470 (11th Cir. 1993) (internal quotations omitted).

4

"We review a court's refusal to compel discovery under an abuse of discretion standard." *R.M.R. ex rel. P.A.L. v. Muscogee County Sch. Dist.*, 165 F.3d 812, 816 (11th Cir. 1999).

## III. DISCUSSION

### A. *Cross-Motions for Summary Judgment*

Lawrenceville does not deny that it failed to produce sufficient evidence of a valid ordinance for purposes of the "breach of ordinance" claim in its complaint. Even so, Lawrenceville argues, the district court erred by recasting this claim as one for indebtedness on an account, because it was clearly a claim for breach of contract: the complaint alleged that Ricoh agreed to pay the reasonable value of services provided by Lawrenceville, and that Ricoh later violated that agreement by refusing to pay for all services provided.

We disagree. The mere allegation that Ricoh violated an agreement with Lawrenceville to pay for natural gas service does not necessarily make breach of contract the appropriate cause of action. Under Georgia law, "[t]he enforceability of a contract is determined by whether its terms are expressed in plain and explicit language so as to convey what was agreed upon by the parties." *Dibrell Bros Int'l, S.A. v. Banca Nazionale Del Lavoro*, 38 F.3d 1571, 1582 (11th Cir. 1994) (per curiam). Here, Lawrenceville points to no record evidence indicating that Ricoh

5

agreed to pay anything other than the bill Lawrenceville presented during each

billing period.  Given the limited nature of this alleged agreement, and the lack of

evidence as to any special terms or conditions of payment, the district court

properly characterized Lawrenceville's action as an attempt to recover on an

account:

> "An action on open account is a simplified pleading procedure where a party can recover what he was justly and equitably entitled to without regard to a special agreement to pay such amount for goods or services as they were reasonably worth when there exists no dispute as to the amount due or the goods or services received."

*Patton v. Turnage*, 580 S.E.2d 604, 608 (Ga. Ct. App. 2003) (quoting *Watson v.

Sierra Contracting Corp.*, 485 S.E.2d 563, 569-70 (Ga. Ct. App. 1997) (physical

precedent only)).[2]  Once the parties "fix the amount due in respect to such

transactions and the one indebted promises payment of the balance," the account

becomes "stated" and is binding on both parties, absent fraud or mistake.  *Kay

Solar Sys., Inc. v. Rome Printing Co.*, 287 S.E.2d 675, 677 (Ga. Ct. App. 1982);

*Lawson v. Dixie Feed & Seed Co., Inc.*, 145 S.E.2d 820, 821-22 (Ga. Ct. App.

1965).  The district court concluded that Ricoh's account with Lawrenceville

---

[2] Under the rules of the Georgia Court of Appeals, "a judgment in which all judges of the Division fully concur is a *binding* precedent; if there is a special concurrence without a statement of agreement with all that is said in the opinion or a concurrence in the judgment only, the opinion is a *physical* precedent only."  Ga. Ct. App. R. 33(a) (emphasis added).

6

became stated and binding when Lawrenceville sent Ricoh regular bills, Ricoh paid those bills in full without objection, and Lawrenceville accepted the payments. *See City of Lawrenceville*, 370 F. Supp. 2d at 1331; *cf. Meredith v. Smith and Shiver*, 277 S.E.2d 805, 807 (Ga. Ct. App. 1981) (account became stated when account was rendered to debtor and he failed to object to it, made payments on the account, and promised to pay the entire balance, the amount of which was not in dispute).

Lawrenceville contends that the account stated doctrine is inapplicable, because there is a dispute between the parties as to "billing accuracy." *See Lager's LLC v. Palace Laundry, Inc.*, 543 S.E.2d 773, 777 (Ga. Ct. App. 2000) ("[W]hen there is a dispute that goes to . . . cost, then suit on account is not the proper procedure for suit, because there is a factual issue other than nonpayment on the account."); *Zampatti v. Tradebank Int'l Franchising Corp.*, 508 S.E.2d 750, 760 (Ga. Ct. App. 1998) ("If there is a dispute as to the cost to be charged for services rendered . . . then an action on open account is not the procedure to collect the debt."); *cf. Schluter v. Perrie, Buker, Stagg & Jones, P.C.*, 498 S.E.2d 543, 545 (Ga. Ct. App. 1998) (physical precedent only) ("Schluter has challenged the firm's billings, which takes the case outside the simplified parameters of an action on open account. The firm's claim must proceed as a breach of contract action."). This argument is inapposite, for Ricoh does not deny that underbilling occurred or

challenge Lawrenceville's calculation of the amount owed. According to Ricoh, "the only dispute that remains between the parties is whether Ricoh should be held responsible for the underbilled amount."

Even if the account stated doctrine does apply, Lawrenceville argues, the district court should have reformed the account due to Lawrenceville's mistake in underbilling Ricoh. Georgia law provides:

> "When an account has become stated, the party rendering the same is bound thereby, unless he shows that there has been a clear and palpable mistake in the account, or an omission of items is clearly and satisfactorily established; and this must be done to the same extent and with the same degree of certainty that courts of equity require in order to correct mistakes."

*Phillips v. Ableson*, 4 S.E.2d 411, 412 (Ga. Ct. App. 1939) (quoting *Tate v. Gairdner*, 46 S.E. 73, 73 (Ga. 1903) (syllabus)). However, "[a] party will not be allowed to impeach an account stated, on the ground of fraud or mistake, if he assented to it with full knowledge of the facts and circumstances attending it, or if, with ample means of knowledge at hand, he failed to ascertain the facts." *J.R. Watkins Co. v. Brewer*, 36 S.E.2d 442, 449 (Ga. Ct. App. 1945) (internal quotes omitted); *cf. Layfield v. Sanford*, 274 S.E.2d 450, 451 (Ga. 1981) (due diligence must be shown by complaining party before equity will reform a written instrument); 1A C.J.S. *Account Stated* § 47 (2005) ("An account will not be impeached at the instance of a party who has waited an unreasonable time before

8

discovering the fraud or mistake, to the detriment of the other party relying on the account as stated.").

Here, the district court found that Lawrenceville presented "no evidence suggesting that it employed reasonable care or argument that due diligence would not have prevented its erroneous underbilling." *City of Lawrenceville*, 370 F. Supp. 2d at 1331. Lawrenceville disagrees, arguing that sworn statements produced on summary judgment indicate "the under-billing was caused by a single error in setting up the account, and [Lawrenceville] was not able to detect it despite significant procedures designed to detect billing errors." Even if Lawrenceville did raise a fact issue on this point, however, the district court properly noted that a unilateral mistake merits reformation only where "fraud or inequitable conduct by the other party induces the mistake." *Id.*; *see Prince v. Friedman*, 42 S.E.2d 434, 437 (Ga. 1947) ("[E]quity will not decree the reformation of an instrument because of mistake of one of the parties alone unmixed with any fraud or knowledge on the part of the other equivalent to mutual mistake.") (internal quotes omitted); *Fore v. Parnell-Martin Cos., Inc.*, 386 S.E.2d 723, 724 (Ga. Ct. App. 1989) (guarantor on open account was not excused from guaranty on basis of unilateral mistake resulting from his own conduct).[3] As the district court explained, Lawrenceville

---

[3] Lawrenceville objects that the application of reasonable diligence and inducement requirements amounts to an improper grafting of contract reformation standards onto the

9

presented no evidence suggesting that fraudulent or inequitable conduct by Ricoh caused Lawrenceville's mistake.  *See City of Lawrenceville*, 370 F. Supp. 2d at 1331.  Thus, Lawrenceville was not entitled to reformation of the account stated created when Ricoh paid Lawrenceville's bills in full and Lawrenceville accepted payment without objection.

Whatever the outcome of the account stated analysis, Lawrenceville argues, it is nevertheless entitled to recover under a line of cases involving Georgia utilities that underbilled their customers and later sued to recover the difference.  *See City of East Point v. Upchurch Packing Co.*, 200 S.E. 210 (Ga. Ct. App. 1938); *Albany Oil Mill, Inc. v. Sumter Elec. Membership Corp.*, 441 S.E.2d 524 (Ga. Ct. App. 1994); *Habersham Elec. Membership Corp. v. Mize*, 439 S.E.2d 26 (Ga. Ct. App. 1993), *overruled by Brown v. Walton Elec. Membership Corp.*, 531 S.E.2d 712 (Ga. 2000).  However, these cases focused not on the particular causes of action asserted by the utilities (which are not identified), but rather on whether, as a matter of law, the customers could raise defenses such as equitable estoppel.  *See, e.g.*, *City of East Point*, 200 S.E. at 211 (municipal corporation acting in proprietary capacity may be subject to estoppel); *Albany Oil Mill*, 441 S.E.2d at

---

doctrine of account stated.  That the foregoing requirements apply to reformation of a written instrument does not make them inapplicable to accounts.  Indeed, "[a]n open account is a species of contract."  *Gage v. Tiffin Motor Homes, Inc.*, 266 S.E.2d 345, 348 (Ga. Ct. App. 1980).

525-26 (customer failed properly to raise estoppel defense and it was not supported by evidence in the record). In *Mize*, the Georgia Court of Appeals held that a customer could not raise an estoppel defense to his electric utility's underbilling claim. *See Mize*, 439 S.E.2d at 27. If the utility were estopped, the court explained, the effect would approximate discriminatory charges for electricity, a practice prohibited by statute. *See id.* (citing O.C.G.A § 46-3-11(a)). In *Brown*, however, the Georgia Supreme Court overruled *Mize*, holding that "a customer can assert accord and satisfaction, equitable estoppel, or statute of limitation defenses when an electric supplier sues to recover the correct billing amount." *Brown*, 531 S.E.2d at 713.

As the district court recognized, the instant case is distinguishable from *Brown* and its predecessors, for the instant case involves neither an electricity supplier nor the policy imposed by § 46-3-11(a). *See City of Lawrenceville*, 370 F. Supp. 2d at 1332.[4] Even assuming that *Brown* is applicable to natural gas utilities, the district court correctly rejected Lawrenceville's claim that *Brown* requires a

----

[4] Lawrenceville argues that this distinction is immaterial, because even though § 46-3-11(a) does not apply to gas utilities, state and federal equal protection clauses still prohibit them from engaging in unfair rate discrimination. *See, e.g.*, *Georgia Power Co. v. Allied Chem. Corp.*, 212 S.E.2d 628, 630 (Ga. 1975) ("[A] consumer has standing to challenge a rate schedule on the ground that the schedule discriminates against the consumer or a class of consumers in violation of the equal protection guarantees of the state and federal constitution."). We do not see the relevance of this argument, for Lawrenceville never alleged that deprivation of the additional payment sought from Ricoh would work a violation of equal protection.

11

natural gas customer to prove its "innocence" before asserting any defense to a suit to recover for underbilling. *See id.* The holding of *Brown* imposes no such limitation. *See Brown*, 531 S.E.2d at 713. Finally, we note that nothing in the foregoing cases indicates the account stated doctrine is inapplicable where a utility brings suit against its customer due to underbilling.

In light of foregoing, we find no reversible error in the district court's decision to grant summary judgment to Ricoh (and deny summary judgment to Lawrenceville) based on the account stated doctrine.[5] Nor did the district court err in granting summary judgment to Ricoh on Lawrenceville's claim for attorneys' fees, which was predicated upon Lawrenceville's success on the merits.[6]

B.      *Motion to Compel Discovery*

Lawrenceville contends that the district court abused its discretion in denying Lawrenceville's motion to compel discovery of evidence "that would undoubtedly support its claim that Ricoh took affirmative steps to capitalize on the under-billing error." As the district court noted in its ruling, however, the discovery requests at issue were "overly broad," and "the burden upon [Ricoh] of

---

[5] Thus, we need not reach the parties' arguments on Ricoh's estoppel and statute of limitations defenses.

[6] Lawrenceville's recourse to O.C.G.A § 13-6-11 is unavailing, for "[a] prerequisite to any award of attorney fees under O.C.G.A. § 13-6-11 is the award of damages or other relief on the underlying claim." *United Cos. Lending Corp. v. Peacock*, 475 S.E.2d 601, 602 (Ga. 1996); *see Gilmour v. Gates, McDonald and Co.*, 382 F.3d 1312, 1316 (11th Cir. 2004) (per curiam).

complying substantially outweigh[ed] the likely benefit of information to [Lawrenceville]." Thus, the district court did not abuse its discretion in denying the motion to compel. *Cf. Wright v. AmSouth Bancorporation*, 320 F.3d 1198, 1205 (11th Cir. 2003) (district court did not abuse its discretion in Title VII case by denying motion to compel where party's request was overly broad).

C.    *Motion for Sanctions on Appeal*

Ricoh moves for sanctions against Lawrenceville and its counsel "for their filing of the instant appeal, amounting to an unreasonable and vexatious multiplication of litigation." After considering the submissions of the parties and the applicable law, we find the motion to be without merit and therefore deny it.

IV.  CONCLUSION

Having considered the briefs, record and arguments of counsel, we find no reversible error in the district court's grant of summary judgment to Ricoh and denial of summary judgment to Lawrenceville. We also find that the district court did not abuse its discretion in denying Lawrenceville's motion to compel discovery, and that Ricoh's motion for sanctions on appeal is without merit. Accordingly, we affirm the judgment of the district court and deny the motion for sanctions.

**AFFIRMED, MOTION FOR SANCTIONS DENIED.**

13